## LOUIS SINSHEIMER V. EDWARD WEIL COMPANY.

### Decided May 18, 1910.

**1.—Contract of Employment—Breach—Duty of Employee—Charge.**

Where, in an action by an employee for damages for breach of a contract of employment, the court instructed the jury that it was the duty of the plaintiff to use reasonable diligence to obtain other employment, the charge was correct as far as it went, and if the plaintiff desired a more specific instruction to the effect that he was not required to seek employment in any kind of service except that from which he had been discharged or—for which he was fitted, he should have requested such a charge.

**2.—New Trial—Supplemental Motion—Delay in Filing.**

There is no law authorizing or permitting the filing of a supplemental motion for new trial more than two weeks after the trial of the cause and a week after the original motion for new trial had been overruled.

**3.—Same—Jurors—Disqualifications.**

The fact that a juror who served in the trial of a case was under indictment for a felony affords no stronger reason for granting a new trial than if he was subject to any of the other disqualifications mentioned in art. 3139, Rev. Stats.; they are of equal importance. It is too late after the trial to raise a question as to the qualification of a juror.

Appeal from the Fifty-fifth Judicial District, Harris County. Tried below before Hon. W. P. Hamblen.

*Henry J. Dannenbaum,* for appellant.

*Baker, Botts, Parker & Garwood,* for appellee.

FLY, Associate Justice.—This is a suit for $1500 alleged to be due appellant on a contract of employment for two years at $250 a month, from October 1, 1906, to September 30, 1908. Appellee admitted the execution of the contract and alleged that appellant was discharged on April 30, 1907, for sufficient cause. The jury returned a verdict for $250 in favor of appellant for the month of April, 1907, less $40 due on railroad credentials, and on that verdict judgment was rendered.

The facts indicate that appellant did not perform the duties of his employment in a proper and reasonable manner, and that appellee was justified in discharging him from its service, at the end of seven months, although the contract of service was for two years from October 1, 1906.

The court instructed the jury: "If you believe from a preponderance of the evidence that the plaintiff was discharged without cause, and that after his said discharge he used reasonable care and attention to obtain other employment, and was unable to obtain any employment thereafter, then he is entitled to recover under the said contract, at the rate of $250 per month for the time, if any, he could get no employment; and if you believe that he did obtain employment for the subsequent months during the existence of the said contract, and the amount received for the same was less than the money agreed to be paid him under the said contract, and he could obtain no more for his services, then he is entitled to receive the difference between the amount he received when he was so employed, and the amount he was to receive under the said contract for the time until said contract expired; and if you find any such sum, then you will add the same to the amount you find under the other part of this charge for labor under the said contract, if any, and find a verdict for said sum."

The charge is assailed in the first assignment of error, on the grounds that a discharged employee is not bound to seek any kind of employment except the kind from which he was discharged, and is not required to seek the highest wages he can obtain in any kind of service except that from which he was discharged. The charge states

a correct proposition of law so far as it goes, and appellant should have sought by a special charge, to restrict the employment to the kind he was discharged from, if he wished to have the benefit of such restriction. It was the duty of appellant to use reasonable diligence to obtain other employment, as stated by the court; and if appellant desired the rule, as to the kind of employment he should have sought, applied to the facts as set forth in Simon v. Allen, 76 Texas, 399, and reiterated in Kramer v. Wolf, Cigar Co., 99 Texas, 597, he should have been embodied a request to that effect in a special instruction. It will be noted that the charge is not objected to on the ground that it placed the burden on appellant of showing that he sought other employment. That would have presented a substantial objection to the charge. San Antonio Light Pub. Co. v. Moore, 46 Texas Civ. App., 259 (101 S. W., 867).

If appellant could have received more than he did for his services, he should not be entitled to recover for the difference between what he was getting before he was discharged, and what he received afterwards, but what he could have received if he had used diligence. The rule laid down in the charge was one requiring honest dealing and nothing more.

In a supplemental motion, appellant sought a new trial on the ground that one of the jurors who tried the cause was under indictment for assault with intent to murder. The supplemental motion was filed more than two weeks after the trial of the cause, and a week after the motion for a new trial had been overruled. We know of no law authorizing or permitting the filing of any such motion, and it was too late to raise any such question. It is not claimed that any diligence whatever was exercised to ascertain the qualifications of the jurors.

The grounds of disqualification mentioned in article 3139, Rev. Stats., are of equal importance, one to the other, and being under indictment for a felony, or even a conviction of a felony, does not disqualify the juror to any greater extent than not being a citizen, or a freeholder in the State, or a house-holder in the county, and if it is too late to take advantage of either of the grounds of disqualification after trial, it is too late as to any or all of them. It has been held, that it is too late after trial to raise the question of a juror not being a freeholder or householder, or not knowing how to read and write. Schuster v. LaLonde, 57 Texas, 29; Newman v. Dodson, 61 Texas, 96; International & G. N. Railway v. Woodward, 26 Texas Civ. App., 389. It is true that article 3210 prohibits questions to a juror as to his having been indicted or convicted, but that did not excuse a want of diligence in other respects to ascertain the qualifications of jurors. It would rather indicate that parties should pursue other methods.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.