## TRAVELERS' INS. CO. v. PETERS et al.
## (No. 1650.)

Court of Civil Appeals of Texas. Beaumont.
March 3, 1928.

Rehearing Denied March 14, 1928.

1. **Master and servant ⬅417(4½)—Petition for compensation for workman's death held not demurrable because it failed to set out Industrial Accident Board's decision (Workmen's Compensation Act [Vernon's Ann. Civ. St. 1925, arts. 8306–8309]).**

That petition in suit under Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, arts. 8306–8309) for compensation for workman's death should allege or describe ruling made by Industrial Accident Board held not necessary to enable trial court to take jurisdiction, and petition was not demurrable because it omitted such allegation.

2. **Master and servant ⬅417(4½)—Petition for compensation for workman's death held not demurrable because it failed to allege accident was proximate cause of death (Workmen's Compensation Act [Vernon's Ann. Civ. St. 1925, arts. 8306–8309]).**

Petition, in suit under Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, arts. 8306–8309), for compensation for workman's death, held not demurrable because it failed to allege accident was proximate cause of death, where petition showed by clearest inference that injuries sustained were the efficient, exciting, or contributing cause of death.

3. **Master and servant ⬅417(4½)—Petition under Compensation Act need not allege injuries sustained by workman were accidental (Workmen's Compensation Act [Vernon's Ann. Civ. St. 1925, art. 8309]).**

Petition, under Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, art. 8309), need not allege that injuries causing workman's death were accidental; it being necessary to show only that injury was sustained in course of employment.

4. **Master and servant ⬅417(4½)—Where facts stated in petition for compensation for workman's death showed injury was accidental, no express allegation to that effect was necessary (Workmen's Compensation Act [Vernon's Ann. Civ. St. 1925, arts. 8306–8309]).**

Where petition, under Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, arts. 8306–8309), asking compensation for workman's death, stated facts which showed that injury was accidental, no express allegation that injuries were accidentally sustained was necessary.

5. **Master and servant ⬅374, 417(5)—To sustain recovery for workman's death under Workmen's Compensation Act, injury need not be proximate cause of death, and refusing instructions on proximate cause held no error (Vernon's Ann. Civ. St. 1925, arts. 8306–8309).**

In suit under Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, arts. 8306–8309),

it is not necessary to sustain recovery for workman's death that injury be proximate cause of death, it being necessary only that it be an efficient, exciting, or contributing cause, and refusing instructions submitting question of proximate cause and defining the term held no error.

6. **Master and servant ⬅417(8)—In workmen's compensation case, where question was whether death was caused by accident or previous disease was submitted to jury, failure to submit instructions on proximate cause, if error, held harmless (Workmen's Compensation Act [Vernon's Ann. Civ. St. 1925, arts. 8306–8309]).**

In suit, under Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, arts. 8306–8309), for death of plaintiff's husband, where question of whether the death was caused by the accident or resulted from previous diseased condition was submitted to the jury, and was the real issue in the case, failure to submit instructions on issue of proximate cause and defining that term, if error, held harmless.

7. **New trial ⬅42(1)—That juror could not write English held not ground for new trial after verdict.**

That juror could not write English, and hence was disqualified under statute, held not ground for new trial after verdict for defendant in workmen's compensation case.

8. **Master and servant ⬅417(4½)—Widow's petition for compensation for husband's death held not demurrable because it failed to show she sued as feme sole or was joined by husband (Workmen's Compensation Act [Vernon's Ann. Civ. St. 1925, arts. 8306–8309]).**

In suit, under Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, arts. 8306–8309), for death of workman, widow's petition in behalf of herself and minor son held not demurrable because it failed to show that widow sued as feme sole or was joined by husband.

9. **Appeal and error ⬅757(3)—Where appellant's brief does not set forth evidence in connection with contention of insufficiency of evidence, appellate court need not consider question.**

Appellate court need not consider appellant's contention that evidence was insufficient to sustain verdict, where brief does not set forth the evidence pro and con in connection with its contention, but only refers generally to statement of facts in record.

10. **Master and servant ⬅417(4½)—Where reasonable inference from allegations of petition in compensation case was that death naturally resulted from injury, special averment to that effect held unnecessary (Workmen's Compensation Act [Vernon's Ann. Civ. St. 1925, arts. 8306–8309]).**

In suit under Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, arts. 8306–8309) for death of plaintiff's husband, petition containing allegations from which reasonable inference might be drawn that injuries complained of naturally resulted in death held sufficient without special allegations that death resulted naturally from injuries.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**11. Trial ⟨Key⟩352(5)—Special issue submitting question of whether workman died from injury in course of employment held not to assume injury (Workmen's Compensation Act [Vernon's Ann. Civ. St. 1925, arts. 8306–8309]).**

In suit under Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, arts. 8306–8309) for death, special issue submitting question of whether workman died as result of personal injury sustained by him in course of employment as alleged *held* not to be on the weight of the evidence as against contention that it assumed injury to deceased.

**12. Master and servant ⟨Key⟩417(8)—Special issue submitting question of whether workman died from injury received in course of employment, if error, as assuming injury, held harmless, where undisputed evidence showed injury (Workmen's Compensation Act [Vernon's Ann. Civ. St. 1925, arts. 8306–8309]).**

In suit, under Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, arts. 8306–8309), special issue submitting question of whether workman died from injury received in the course of his employment, if error, as assuming injury, *held* harmless, where undisputed evidence showed that he did receive the injury, whether or not it caused death.

**13. Trial ⟨Key⟩121(2)—In argument, counsel should be confined to evidence or inferences therefrom.**

In argument before a jury, counsel's argument should be based on evidence produced or reasonable deductions and conclusions drawn from the evidence.

**14. Trial ⟨Key⟩120(1)—Whether argument of counsel, alleged to be outside record, is permissible, rests largely in trial court's discretion.**

Whether argument of counsel, alleged to be inflammatory, and not based on evidence produced, is permissible, rests largely in trial court's discretion.

**15. Appeal and error ⟨Key⟩972—Where trial court does not abuse discretion in permitting argument, alleged to be inflammatory and outside record, appellate court will not reverse on ground of improper argument.**

Where trial court does not abuse its discretion in permitting argument of counsel alleged to be inflammatory, and not based on evidence produced, appellate court will not reverse the judgment on the ground of improper argument.

**16. Appeal and error ⟨Key⟩688(2)—Propriety of counsel's argument held not reviewable, where bill of exceptions failed to show it was outside record or not in response to or provoked by appellant's counsel.**

Propriety of argument of counsel in workman's compensation suit *held* not reviewable, where bill of exceptions failed to show that argument was not based on evidence produced, or not in response to, or provoked by, counsel for appellant.

Appeal from District Court, Jefferson County; Geo. C. O'Brien, Judge.

Suit under the Workmen's Compensation Act by Theresa Peters for herself and as next friend of Joseph Peters, claimants, against the Travelers' Insurance Company, insurer, to set aside a decision of the Industrial Accident Board denying compensation for the death of William Peters, employee of the Gulf Refining Company. Judgment for claimants, and the insurer appeals. Affirmed.

See, also, 280 S. W. 310.

O. J. Todd, C. S. Pipkin and A. D. Moore, all of Beaumont, for appellant.

David E. O'Fiel and Jas. A. Harrison, both of Beaumont, for appellees.

HIGHTOWER, C. J. This suit was filed in one of the district courts of Jefferson county by Theresa Peters for herself and as mother and next friend of Joseph Peters, her minor son, against appellant, Travelers' Insurance Company, to set aside a final ruling and decision of the Industrial Accident Board of this state denying compensation to Theresa Peters and Joseph Peters, which they claimed under the provisions of the Workmen's Compensation Act of this state on account of the death of William Peters, who was the husband of Theresa Peters and the father of Joseph Peters. It was alleged in the petition that William Peters, who was an employee of the Gulf Refining Company at its plant in the city of Port Arthur, Jefferson county, Tex., on or about December 6, 1922, while engaged in the course of his employment, sustained personal injuries, from the effects of which he died a week later. The petition further alleged that the Gulf Refining Company was a subscriber under the Workmen's Compensation Act of this state (Vernon's Ann. Civ. St. 1925, arts. 8306–8309) at the time of the injuries to Peters, which resulted in his death, and that appellant had issued to the Gulf Refining Company a policy of insurance covering the latter's employees under the provisions of the Workmen's Compensation Act, and that the policy was in full force and effect at the time of the injuries to Peters.

Relative to the manner in which William Peters sustained the injuries and their nature and character, the petition, among other things, contained substantially the following allegations:

It was alleged that on December 6, 1922, William Peters sustained personal injuries in the course of his employment at the Gulf Refining Company's plant, from which injuries he died on December 13, 1922, and that William Peters was the husband of Theresa Peters, and was the father of her minor son, Joseph Peters.

The petition further alleged that, at the time William Peters was injured, he was wheeling coke and loading it into a freight

car by means of a wheelbarrow, and that in the discharge of this duty it was necessary for him to push the wheelbarrow up an. incline to a platform, which was about the level of the railroad car; that, while pushing the wheelbarrow up the incline, it fell from the raised way on which it was being wheeled to the ground, and Peters fell upon the wheelbarrow, and sustained injuries to his pubic region, perineum, bladder, and private organs, same being bruised, torn, lacerated, and ruptured; that, as a result of such injuries to his bladder, the same would not act, and he could not urinate; and that, by reason of the muscles and ligaments being torn, and his private parts ruptured, urine escaped into the tissues thereof, and resulted in an infection known as uremic poisoning, which caused his death.

Appellant answered by general demurrer, which was overruled, and by a number of special exceptions, the disposition of which is not before us, and by general denial. After the general denial, appellant interposed a number of special pleas in bar, a mention of most of which is not material to our disposition of this appeal. Among these special pleas in bar were the following:

That the death of William Peters was not brought about, or caused directly or indirectly by any injury received by him in the course of his employment, as claimed by the plaintiffs; that, on the contrary, William Peters died from sepsis, or systemic poisoning, caused by infection and extravasation or leakage of urine into the tissues and flesh surrounding the urethra, or urinal tract; that this leakage of urine was caused by and resulted from a complete stricture of the urethra, and that this stricture, in turn, was not caused by any injury received by Peters as claimed by the plaintiffs, but was the result of an old venereal disease of long standing known as gonorrhea and the treatment therefor; that for some time prior to his death William Peters was afflicted with, and suffered from a severe and chronic case of this venereal disease; that, as a result of this disease and the manner of its treatment, scar tissue and pus pockets had formed along his entire urinal tract, or urethra; that this scar tissue and scars and pus pockets and treatment for gonorrhea caused the urinal tract or urethra of Peters to entirely close, or practically so, and stopped the flow of urine, which resulted in complete stricture, and that the poisoning resulting therefrom was the proximate cause and sole cause of the death of William Peters.

It was further averred, in substance, by appellant that, if William Peters was injured at all as alleged by the plaintiffs, such injuries were only slight, and were not the proximate cause, nor were they an exciting, efficient, or contributing cause of the death of Peters. This is a sufficient statement of the pleadings of both parties in this case for the disposition of the questions before us.

The case was tried with a jury, and was submitted upon special issues, all of which were answered in favor of appellees, and upon the verdict judgment was rendered in favor of Theresa Peters and Joseph Peters and their attorneys in this case against appellant for weekly compensation at the rate of $11.07 per week for 360 weeks, aggregating the sum of $3,985.20, the weekly payments beginning December 13, 1922, and for 6 per cent. interest on each weekly installment after it matured. It is from this judgment that this appeal is prosecuted.

[1] It is contended by appellant that the court was in error in overruling its general demurrer, for the reason that the plaintiffs' petition failed to allege or describe the award made by the Industrial Accident Board or to have a copy of the award attached thereto, and that therefore the petition failed to show jurisdiction in the trial court to entertain this cause. We overrule appellant's contention on this point, because, in order to show jurisdiction in the trial court to entertain this cause, it was not necessary that the petition should show expressly what the final ruling and decision of the Industrial Accident Board was in this case. It is clear from the petition that the Industrial Accident Board declined and refused to allow appellees any compensation on their claim before the board, and that this suit was filed to set aside that ruling and decision. It is expressly alleged in the petition of appellees in this case that, at the time William Peters sustained the injuries which resulted in his death, his average weekly wages amounted to $30 per week, and appellees prayed to recover in this case $15 per week for a period of 360 weeks, with legal interest thereon. This much appearing from the petition, the court was not in error in overruling the general demurrer, for the reason assigned by appellant in this connection. We do not regard the authorities cited by counsel for appellant in their brief in support of their contention on this point to be in conflict with our view.

[2] Appellant contends that the trial court erred in overruling its general demurrer, for the reason that the petition contained no allegation that the injuries received by the deceased were the proximate cause of his death. We do not understand that appellees, in order to have recovery in this case, were required to allege that the death of William Peters was proximately caused by the injuries sustained by him. It was only necessary for the petition to show that the injuries sustained by William Peters were the efficient, exciting, or contributing cause of his death, and we think that the petition in this case shows by clearest intendment that the injuries sustained by Peters were the efficient, exciting,

or contributing cause of his death. Travelers' Insurance Co. v. Smith (Tex. Civ. App.) 266 S. W. 574; King v. Buckeye Cotton Oil Co. (Tenn.) 296 S. W. 3. Appellant's contention in this connection is overruled.

[3, 4] Appellant contends that the trial court was in error in overruling its general demurrer because the petition contained no allegation that the injuries to William Peters were accidently received, or that they were accidental injuries. As we understand our statute (article 8309, part 4 [Workmen's Compensation Act]), in order to warrant a recovery by an employee or his beneficiaries in a case of this character, it is only required that it be shown that the injury sustained was sustained in the course of his employment. There is nothing in the statute requiring a showing of accidental injury. If, however, our construction of this statute be incorrect, still the petition in this case was not subject to general demurrer, because from its allegations of fact showing how William Peters came to be injured it is clear that his injuries were accidentally sustained, and it would have added no force to the petition or made it any clearer on this point, after stating the facts, if it had been expressly alleged that the injuries were accidentally sustained. Appellant's contention in this connection is overruled.

[5] It was contended by appellant that the trial court was in error in this case in refusing to submit three special issues which it requested which, in effect, required the jury's answer as to whether the injuries sustained by William Peters proximately caused his death. In connection with these requested issues, appellant also requested and presented to the court two special charges defining the term "proximate cause," as that term has been frequently defined where recovery was sought on the claim that the injuries in question were caused by negligence. · Under our Workmen's Compensation Law, as we understand it, it is not required, in order to a recovery by an employee or his beneficiaries, to show that the injuries complained of proximately caused incapacity or death, and therefore the term "proximate cause," as used in ordinary cases of negligence, is not the test by which to determine liability in a case of this character. On the contrary, in order to a recovery in a case of this character, it is only required that it be shown that the injury sustained was an efficient, exciting, or contributing cause. Travelers' Insurance Co. v. Smith, supra; King v. Buckeye Cotton Oil Co.; supra.

[6] If, however, the special issues requested by appellant relative to proximate cause and the requested special charges defining the term "proximate cause" should be given in any case arising under the Workmen's Compensation Act of this state, still we are of the opinion that the refusal to submit these issues and special charges in this case, if error, was harmless. The real issue of fact for determination by the jury in this case, as made by the pleadings and the evidence, was as to whether the death of William Peters resulted from injuries sustained by him in the course of his employment, as alleged by appellees, or as to whether his death was the result of the effects of a disease known as gonorrhea, which disease appellant alleged he had suffered from long prior to his death, and from the effects of which, according to appellant's contention, he died. The record in this case shows that the jury found as many as four times in answering special issues that William Peters' death was not the result of any infection or the effect of the disease known as gonorrhea. The jury expressly found, in answering as many as four special issues, that William Peters was not suffering from the effects of gonorrhea at the time he sustained the injuries which the appellees claimed caused his death. The jury further expressly found that William Peters was not suffering from the effects of the disease known as gonorrhea prior to the time he sustained his injuries as alleged by appellees. The whole fight in this case was as to whether the injuries William Peters received in the course of his employment resulted in his death, as claimed by the plaintiffs, or whether his death was the result of the disease known as gonorrhea. In such condition of the record it is wholly unreasonable to suppose that the refusal of the trial court to submit appellant's special issues in connection with proximate cause and the definition of that term could have resulted in any prejudice to appellant. We therefore overrule appellant's contention in this connection.

[7] Appellant further contends that its motion for a new trial should have been granted in this case, for the reason that it developed upon the hearing of the motion that one of the jurors in the case, Joe Carver, was unable to write the English language, and was therefore disqualified to serve as a juror, and that, on account of this, appellant was deprived of a trial by twelve competent jurors, as provided by law. We overrule appellant's contention on this point, because, as we understand, the mere disqualification of a juror for some reason under the statute, such as being unable to read and write, not a freeholder, etc., is not a ground for new trial after verdict. Schuster v. La Londe, 57 Tex. 29; Sinsheimer v. Weil Co., 61 Tex. Civ. App. 209, 129 S. W. 187; Rice v. Dewberry (Tex. Civ. App.) 93 S. W. 718; Freeman v. McElroy (Tex. Civ. App.) 149 S. W. 428; St. Louis, B. & M. Railway Co. v. Broughton (Mo. App.) 212 S. W. 664.

[8] Appellant further contends that the trial court erred in overruling its general demurrer, for the reason that the petition failed

to allege the capacity of the plaintiff Theresa Peters to bring and maintain this suit, in that there was nothing in the petition to show that she sued as a feme sole, or was joined by her husband, if any she had. We think it very clear from the petition in this case that the only reasonable intendment to be deduced is that Theresa Peters was the surviving wife and widow of William Peters, deceased, and that in that capacity, for herself and as mother and next friend of Joseph Peters, the minor child of herself and William Peters, deceased, she brought this suit. For that reason we overrule this contention of appellant.

[9] Appellant further contends that the findings of the jury in this case on all the special issues submitted were so clearly against the weight and preponderance of the evidence as to make it clear that the verdict was wrong, and should, for that reason, be disregarded, and the judgment reversed and the cause remanded. In answer to the first special issue, the jury found that William Peters died as the result of personal injuries sustained by him in the course of his employment with the Gulf Refining Company. In answer to the second special issue, the jury found that William Peters did, on December 6, 1922, sustain a fall which bruised, tore, lacerated or ruptured his pubic region, bladder, or his private organs. In answer to special issue No. 3, the jury found that the injury sustained by William Peters caused infection from which he died. In answer to special issue No. 4, the jury found that William Peters was not afflicted with stricture (resulting from gonorrhea) prior to the time of his injury. These are the findings of the jury complained of in this connection. Appellant makes no statement in its brief of the evidence pro and con relative to this contention, but refers us generally to the statement of facts in this record. Without a statement of the evidence bearing upon this contention by counsel for appellant in their brief, we would not be required to go to the statement of facts as a whole for the purpose of ascertaining whether this contention should be sustained, but we have done so, and have concluded that the verdict of the jury upon the special issues just mentioned is amply sustained by the evidence in the case. We therefore overrule this contention.

Another contention made by appellant is as follows:

"Upon the trial of a suit for compensation and to set aside an award of the Industrial Accident Board, the suit must be brought in a court of competent jurisdiction in the county where the injury occurred; and, plaintiffs in such a suit having failed to prove or establish that the injury occurred in the county where the case is filed, the trial court was without jurisdiction to render judgment in the cause."

As an abstract proposition, this contention is probably correct. Mingus v. Wadley (Tex.

Sup.) 285 S. W. 1084; Security Union Casualty Co. v. Kelly (Tex. Civ. App.) 299 S. W. 286; Tinkle v. Lumbermen's Reciprocal Association (Tex. Civ. App.) 299 S. W. 285. As applied to the facts of this case, however, the proposition has no relevancy. We think that the undisputed testimony in this case, both direct and circumstantial, shows that the injuries sustained by William Peters, which, as the jury found, resulted in his death, were sustained at Port Arthur at the plant of the Gulf Refining Company, his employer, in Jefferson county in the state of Texas, and, this suit having been filed in one of the district courts of Jefferson county, Tex., it was filed in a court of competent jurisdiction, as shown by the record in this case.

[10] It is further contended by appellant that its general demurrer should have been sustained because the petition of appellees failed to allege that the infection and death of William Peters resulted naturally from the injuries received by him. The petition did not allege in terms that the death of William Peters resulted "naturally" from the injuries received by him, but every reasonable intendment, both to the ordinary and legal mind, to be drawn from the petition, is that the injuries received by Peters here complained of naturally resulted in his death. We overrule this contention.

[11, 12] As we have shown already, special issue No. 1 submitted by the court to the jury was as follows:

"Did William Peters die as the result of personal injury sustained by him in the course of his employment with the Gulf Refining Company, as alleged in plaintiffs' petition? Answer 'Yes' or 'No' as you find the facts to be."

It is appellant's contention here that this special issue was upon the weight of the evidence, for the reason that it assumed an injury to Peters. We overrule this contention. We are unable to see that it assumed an injury to William Peters. But, if it did, the trial court was correct in that assumption, because the undisputed evidence in this case shows that he did receive an injury, whether it was the efficient, exciting, or contributing cause of his death or not.

Appellant further contends that there was no competent evidence adduced in this case showing that Theresa Peters was the wife of William Peters at the time of his injury and death, and that therefore there could be no recovery by her, and that its requested peremptory instruction should have been given. The record shows that counsel for appellant did request a peremptory instruction in its behalf at the conclusion of the evidence, and that the trial court refused it, and we think the trial court was correct in doing so. We think that the undisputed evidence in this case shows that Theresa Peters was the lawful wife at the time William

Peters was injured, as claimed by the appellees in this case, and was also his wife a week later at the time of his death. There is no evidence to the contrary.

[13-16] It is contended by appellant that the judgment in this case should be reversed, and the cause remanded for the reason that one of the attorneys for appellees in his argument to the jury went outside of the record, and argued matters to the jury that had no support in the evidence, and that such argument was inflammatory. Of course, we understand that counsel in argument before a jury should be confined to the record; that is, should let their arguments be based upon the evidence adduced upon the trial or reasonable deductions and conclusions to be drawn from the evidence. It is not always an easy matter, but rather, on the contrary, is sometimes difficult, to tell whether counsel has exceeded this rule. It is a matter that rests largely in the discretion of the trial judge, and, unless that discretion is shown to be abused, an appellate court will not reverse on that ground. Brazelton v. St. Louis, etc., Railway Co. (Tex. Com. App.) 296 S. W. 290. In this case, after an examination of the bill of exceptions in this connection and other portions of the record, we have concluded that the argument of counsel complained of was not objectionable, on the ground that there was no evidence or reasonable deduction to be drawn from the evidence by counsel in making the argument complained of. We therefore overrule this contention. We also think that this contention of appellant should be overruled, for the reason that the bill of exceptions in this connection fails to show that the argument of counsel for appellees complained of was outside of the record, as contended by appellant, and also fails to show that it was not in response to or provoked by argument of counsel for appellant. Kansas City, M. & O. Railway Co. v. West (Tex. Civ. App.) 149 S. W. 206; Pecos & N. T. Railway Co. v. Suitor (Tex. Civ. App.) 153 S. W. 191.

What we have said has the effect to dispose of all contentions made by appellant in this case, and it results, from the conclusions stated that the judgment of the trial court should be affirmed, and such has been our order.

In conclusion, the writer desires to say that the motion which was filed by counsel for appellees to strike out the statement of facts in this case was taken with the submission of the case, and, upon consideration of the motion in connection with the main case, we have reached the conclusion that the motion to strike out the statement of facts should be overruled. This opinion is already too lengthy to give our reasons for overruling the motion to strike out the statement of

facts, and we pretermit any discussion of the motion.

The judgment of the trial court is affirmed.