### MATLOCK v. GULF, C. & S. F. RY. CO.

#### No. 8305.

Court of Civil Appeals of Texas. Austin.

Dec. 9, 1936.

Rehearing Denied Jan. 6, 1937.

Smith & Smith, of Anson, for appellant.

Terry, Cavin & Mills, of Galveston, Woodruff & Holloway, of Brownwood, and Wren, Pearson & Jeffrey, of Fort Worth, for appellee.

BAUGH, Justice.

This is the second appeal of this case. On the former appeal, 70 S.W.(2d) 279, we reversed the judgment of the trial court sustaining a demurrer to appellant's petition. This appeal is from an instructed verdict, and judgment accordingly, in favor of appellee against appellant, after a hearing upon the merits. Several contentions are made by appellant, but, since we have reached the conclusion that the trial court's judgment should be affirmed on two grounds, we shall not undertake to discuss all of the assignments presented.

The appellant's cause of action is based upon a breach of an alleged oral contract with appellee for a lifetime employment as a master machinist, claimed to have been made with him in May, 1925, and alleged to have been breached by appellee in September, 1928. His suit was not filed until January, 1932.

Appellant was employed as a master machinist in the shops of appellee at Brown-

wood, Tex., prior to May, 1924. Early in that year he received an injury to his eye temporarily disabling him. After treatment locally, the injury apparently healed, appellant went back to work, and in May, 1924, settled with the Railway Company for $65 damages. Subsequent thereto the injury became more serious, necessitating frequent cessations from work and additional treatment, and resulted in 1925 in the loss of his eye. Thereupon his claim for damages was reopened and a new settlement had with appellant on May 18, 1925, wherein Matlock was paid $2,500 and executed a release to the Railway Company of all liability for damages resulting from his injury.

In the instant suit he alleged and testified that as a part of the consideration for such release, and as a part of that settlement, appellee, through its general master mechanic of the Galveston division, which included Brownwood, orally agreed to give him a lifetime job at the city of Brownwood as a master machinist. In answer the appellee pleaded and proved the release signed by appellant which contained, in addition to a release of all claims, demands, or causes of action arising from the injury sustained, the following provision: "as well as any and all claims of whatsoever kind or character I may have against the said Railway Company, prior hereto and up to and including the date hereof. In making this settlement no promise or representation is or has been made relative to future employment." And in the receipt for the sum paid, which was a part of the release, immediately above Matlock's signature, there was written in by him in his own handwriting, the following language: "I have read the voucher, receipt and release and fully understand same."

█ Nowhere in his pleadings did Matlock allege any fraud, accident, mistake, or imposition in the execution of said release; nor that he did not understand it; nor that he was in any manner prevented from reading same; nor that he did not know that the above-quoted provisions were contained therein. He did not undertake in any manner to nullify nor set aside the force and effect of such provisions. It is not controverted that in the negotiations he had with the officials of appellee at Galveston prior to the execution of such release, Matlock discussed the matter of his continued employment with appellee, and asked to be assured of such continued employment.

Under these circumstances the recital in the release became a material portion thereof, and a part of the consideration for its execution and for the payment of the sum stated in the settlement agreement. Consequently the rule that all oral negotiations leading up to the execution of a contract will be presumed to have been merged into the written instrument is applicable, and neither of the parties will thereafter be heard to vary its terms by parol. Bains v. Robert & St. John Motor Co. (Tex.Civ. App.) 72 S.W.(2d) 703, and cases therein cited; 10 Tex.Jur. § 208, p. 366; 17 Tex. Jur. § 3, p. 129. The release contract executed by Matlock being clear and unambiguous, and there being no question of fraud, accident, mistake, or imposition alleged as inducing it, Matlock was clearly bound by it; and the facts and its provisions not being controverted, the trial court was justified in instructing a verdict against appellant.

█ But even if it be conceded that appellant did make an oral contract with appellee, at the time of such settlement, for a lifetime employment by the Railway Company, such contract would differ from an employment contract for a definite period of time only in respect to its longevity. It would not relieve the employee from his duty under such employment to properly perform his labors and to observe the rules of the company in the same manner and to the same extent as would any other employee of the company. It would carry with it no implication that he could not be discharged for good cause resulting from his own misconduct. Sinsheimer v. Edward Weil Co., 61 Tex.Civ.App. 209, 129 S.W. 187 (writ ref.); St. Louis, etc., Ry. Co. v. Morgan, 107 Ark. 202, 154 S.W. 518; 29 Tex.Jur. p. 29; 39 C.J. 84. Such employment, except as to the time element, would be governed by the same rules applicable to other employees of the same character.

█ It was shown that at the times here involved appellee Railway Company had a contract with Machinists Association, of which appellant was a member, made in accordance with and under the provisions of Federal Railway Labor Act, 44 Stat. 577, see sections 151–163, c. 8, tit. 45, U.S. Code (see 45 U.S.C.A. §§ 151–163). This act and the contract thereunder, which governed the duties of the appellant and appellee in the premises, and the rules promulgated thereunder, related to wages, working con-

ditions, the rights of labor, procedure and review in case of discharge, and numerous other matters not pertinent here. In September, 1928, after a continued employment of Matlock for more than two years subsequent to his settlement with appellee, charges of inattention to duty and insubordination between September 10, and 13, 1928, were preferred against him. A hearing was had thereon as provided for in the rules, in which he was represented by a fellow member of his craft, appellant was found guilty of such charges by the investigating committee, and was on September 18, 1928, discharged from his employment because of inattention to duty and insubordination to his superior officer. Thereafter, Matlock's representative took the matter of his reinstatement up with the general superintendent of appellee at Brownwood, on a leniency plea, but did not get him reinstated. He then took it up, by way of appeal from the findings of the local investigating committee, with the master mechanic of appellee at Temple, and later with the mechanical superintendent at Galveston, both of whom declined to reinstate Matlock. No further appeal was prosecuted, as was authorized by the rules of his craft under their agreement with the Railway Company.

From the foregoing it is clear that Matlock was not only bound by the rules and regulations governing his craft and issued under their contract with the Railway Company, but that he recognized this fact and undertook to comply with them. The findings of the committee before which he appeared in person and by the duly selected representative of his craft, not having been set aside by an appeal which he was authorized to make to the joint appeals board provided for in the contract with the Railway Company, was binding upon him and constituted good cause for his discharge by the appellee. If good cause existed for his discharge, and the committee's findings constituted good cause (see 29 Tex.Jur. p. 30, and cases there cited), he had no cause of action against the appellee, even if he had a lifetime employment contract.

Under these circumstances we think the trial court properly instructed a verdict in favor of appellee, and the errors, if such they be, complained of by appellant, become immaterial.

The judgment of the trial court will therefore be affirmed.

Affirmed.

### On Motion for Rehearing.

In his motion for rehearing, appellant earnestly insists, among other things, that the rule that all previous negotiations are merged into the written contract which cannot be varied, changed, or contradicted by parol evidence, is not applicable in the instant case; but that the rule admitting parol testimony to show the whole consideration, where only part of such consideration is recited in writing and the remainder consists of an oral contemporaneous agreement, is applicable. That, in the instant case, in addition to the payment of the amount stated, there was the further consideration for the execution of said release that appellant was to have a lifetime employment by appellee. He cites particularly the case of Texas C. Ry. Co. v. Eldredge (Tex.Civ.App.) 155 S.W. 1010, as sustaining this contention. Such rule is well recognized, but not applicable in the instant case. Had no mention been made in the release of such future employment, appellant would, under his pleadings, have been entitled to testify as to what he contends was the full consideration for the execution of said release. But in the instant case the undisputed testimony shows that before he signed the release he sought positive assurance as to future employment. This, according to testimony of appellee's witnesses, it declined to give him in writing. On the contrary, after such negotiations, when the release was prepared, there was embodied in it a provision expressly negativing in writing the very thing he now insists was agreed to orally. Thus it became a part of the consideration to the Railway Company in paying him the $2,500, and brought the settlement contract wherein the release was executed clearly within the rule excluding the testimony offered by appellant. When Matlock, after seeking a future employment contract, signed the release expressly excluding any such agreement and was paid the money under it, absent any fraud, mistake, accident, or imposition by the Railway Company, he was clearly bound by it and cannot be heard to contradict it by parol.

Nor do we sustain the further contention made that the continued employment of appellant for a period of more than two years after he signed such release was a recognition and performance in part of the lifetime employment contract which appellant contends was made. There was no evidence that appellant's former employ-

ment with the Railway Company had ever terminated. He frequently laid off for differing periods of time because of his injury, but his continued employment was recognized by the Railway Company at all times, and his services, after the execution of the release of the Company from damages, were continued as theretofore. This continuation of such services in his position as machinist at the same place and under the same wage scale was manifestly, and under the testimony, but a continuation of his old employment from which he had never been discharged; and not a new employment under a new contract.

The other contentions made have been disposed of in our original opinion. The motion is in all things overruled.

Overruled.