Gayle F. INGRAM, Appellant,

v.

DALLAS COUNTY WATER CONTROL AND
IMPROVEMENT DISTRICT
NO. 7, Appellee.

No. 17066.

Court of Civil Appeals of Texas.

Dallas.

Feb. 23, 1968.

Searcy M. Ferguson, Jr., of Blanchette, Smith & Shelton, Dallas, for appellant.

H. Louis Nichols, of Saner, Jack, Sallinger & Nichols, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

This action for damages rising out of the breach of a written employment contract reaches this court on appeal for the second time. The material facts are set forth in the opinion of this court in Dallas County Water Control and Improvement District v. Ingram, 395 S.W.2d 834 (Tex. Civ.App., Dallas 1965, writ ref'd n. r. e.), wherein we reversed the judgment of the trial court.

Following remand the case was again tried before the court and a jury. The sole defense of the water Control District to Ingram's cause of action was that it had good cause for terminating Ingram's employment and therefore it was not legally responsible in damages for breach of the contract. Following the presentation of considerable evidence on the question of good cause for discharge the court submitted the case to the jury upon two special issues. Special Issue No. 1 was in the following form:

"Do you find from a preponderance of the evidence that the Board of Directors of Dallas County Water Control and Improvement District No. 7 had good cause for discharging Gayle F. Ingram as general manager of the water district on January 30, 1964?

"Answer 'Yes' or 'No.'

"In connection with the preceding issue, you are instructed that the term

'good cause' means a failure of an employee to perform his duties in the scope of his employment in such manner as a person of ordinary prudence in the same employment would have performed under the same or similar circumstances."

The jury answered this issue in the affirmative. Special Issue No. 2 inquired as to the amount of damages incurred because of the discharge.

Based upon the verdict the court rendered judgment denying Ingram any recovery against Dallas County Water Control and Improvement District and it is this judgment that is now before us on this appeal.

 In his first three points of error appellant complains of the trial court's refusal to grant his motions for instructed verdict and for judgment *non obstante veredicto,* and also in submitting Special Issue No. 1 to the jury, because, as he contends, under the terms of the written employment contract he is entitled to recover his damages as a matter of law and "good cause" does not constitute a valid defense thereto. We cannot agree with appellant.

In essence appellant bases his contention upon the proposition that since the contract itself is silent as to the right of appellee to discharge him for good cause then such contract, like a promissory note, must be paid in full upon discharge for any reason. This would contemplate that if an employee under such contract is discharged for good cause, whatever may be the reason, whether it be inefficiency, dishonesty, failure to perform any or part of his duties, or for some other legitimate reason, the employer would be under a legal obligation to pay the employee for the full period of the contract.

The consideration for the written employment contract was the mutual covenants of the parties, i. e., Ingram was to perform "certain services" as manager of the district for which he was to be compensated at a rate stipulated. No one could deny that an integral part of this agreement would be the implied obligation on the part of Ingram to perform such services in a satisfactory manner. Indeed, the parties contemplated possible disagreements when they incorporated a provision in the agreement for arbitration of disputes.*

Appellant cites no cases in support of his contention and we find no basis for it in law.

Our opinion in the first appeal of this case is decisive of the question in that we therein specifically held that the law did not deprive the employer of its right to terminate the contract for good cause. After holding the contract to be clear and unambiguous, we said:

"Appellant agreed with appellee that if it terminated appellee's employment under the contract prior to the expiration of five years that it would be obligated to honor appellee's claim for services for the remaining period of the contract. This, of course, contemplated a discharge by appellant without just cause. The law did not deprive appellant of its right to terminate the contract, and discharging appellee for good cause, such rule being duly recognized by the parties as well as the trial court in the submission of the case to the jury."

Again, in the course of our opinion, we said:

"Our Texas courts have held that a contract of employment is not void as unilateral because, although the employer is bound for a definite period, the employee may terminate it at pleasure. The real basis for the decisions is the agreement on the part of the employer, implied in law, that he will not unjustly or wrongfully discharge the employee during the period of the contract."

---

* This arbitration agreement was not implemented by either party prior to the institution of this action.

In discussing an employment contract for lifetime Justice Baugh, of the Austin Court of Civil Appeals, in Matlock v. Gulf, C. & S. F. Ry. Co., 99 S.W.2d 1056 (Tex.Civ. App., Austin 1936), pointed out that such lifetime contract would not relieve the employee from his duty to properly perform his labors and to observe the rules of the company in the same manner and to the same extent as would any other employee of the company. "It would carry with it no implication that he could not be discharged for good cause resulting from his own misconduct. Sinsheimer v. Edward Weil Co., 61 Tex.Civ.App. 209, 129 S.W. 187 (writ ref.); St. Louis, etc., Ry. Co. v. Morgan, 107 Ark. 202, 154 S.W. 518; 29 Tex.Jur. p. 29; 39 C.J. 84."

It is to be observed that appellant directed no complaint in the trial court to the manner in which the issue was submitted nor does he now complain that the answer of the jury was not supported by competent evidence. We find that the court's action in submitting the issue on good cause and in refusing to direct a verdict or render judgment *non obstante veredicto* was proper. Appellant's points 1, 2 and 3 are overruled.

In his fourth point of error appellant contends that the court below should have granted his motion for judgment *non obstante veredicto* for the reason that Special Issue No. 1, as submitted by the court, and as answered by the jury, does not, as a matter of law, constitute a showing of "good cause" for termination of the employment contract. Appellant argues under this point that what constitutes sufficient cause for discharge of a servant is a question of law and not one of fact. He also argues that the definition of "good cause" given by the court is improper.

■ While it is true that in some cases the evidence may be such that good cause for discharge would be shown as a matter of law yet in the instant record we are not confronted by such a situation. The testi-

mony adduced on the question of good cause for discharge is voluminous and conflicting in some particulars. This issue constituted the main battleground in the trial court. We find no basis for support of appellant's contention that the issue was one of law and not one of fact.

The issue, and accompanying instruction, was submitted by the court without objection from appellant as to form or substance. Appellant did object to the court submitting Special Issue No. 1 on the ground that he was entitled to a judgment as a matter of law. As pointed out in our discussion in connection with appellant's first three points of error this contention was untenable.

■ Appellant was under a duty and obligation to object to the issue and explanatory instruction on account of any defect, omission or fault. This should have been done prior to the court's action in submitting the issue to the jury and since no objection as to form or substance was made it is thereby waived. Rule 272, Texas Rules of Civil Procedure.

We find no error reflected in the court's action in submitting the issue, and explanatory instruction, as here given. Jay-Kay Paint Mfg. Co. v. Carter, 281 S.W.2d 453 (Tex.Civ.App., Austin 1955, writ ref'd n. r. e.), and Pan American College v. Rojas, 392 S.W.2d 707 (Tex.Civ.App., Corpus Christi 1965, no writ hist.).

In his fifth and last point of error appellant contends that since his damages were liquidated the court should not have submitted the special issue to the jury which inquired as to the damages suffered by appellant as a result of his being discharged. The answer of the jury to Special Issue No. 1 to the effect that appellee had good cause for discharging appellant would preclude appellant's recovery of any amount of damages. Since we have held that the submission of this issue was proper, and since appellant does not assail the answer of the jury to Special Issue No. 1

as being lacking in support in the evidence, we need not consider the point raised concerning the amount of damages.

The judgment of the trial court is affirmed.