Affirmed and Memorandum Opinion filed November 3, 2005









Affirmed and Memorandum Opinion filed November 3, 2005.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00813-CV

_______________

 

MICHAEL S. GORBET, Appellant

 

V.

 

NORTHWOOD LINCOLN‑MERCURY

and DAVID KEILSON, Appellees

______________________________________________________

 

On Appeal from 190th District Court

Harris County, Texas

Trial Court Cause No. 02‑60965

______________________________________________________

 

M E M O R A N D U M  
O P I N I O N

 

Michael
S. Gorbet appeals a summary judgment entered in favor of Northwood
Lincoln-Mercury (ANorthwood@) and David Keilson on the ground that he is entitled to
damages for Northwood=s breach of his employment contract (the Acontract@). 
We affirm.

Background

In
January 2002, Gorbet and Northwood entered into the contract, which contained
the following clause:








If the terms and conditions of this AEmployment Contract@ are
agreed by the signatures below, Northwood additionally agrees, in the event
Mike [Gorbet] is terminated, or laid off within 12 months of the initial
employment date of 01/08/02 Northwood will honor this contract by paying in
full all remaining months to equal 12 full months of employment and employment
pay at the time of termination or lay off.

 

Northwood
discharged Gorbet in July of 2002, after Gorbet was involved in a physical
altercation while attending an auto auction on behalf of Northwood.  Gorbet filed suit against Northwood,
alleging, among other things, breach of contract.  Both parties filed cross motions for summary
judgment, and the trial court granted Northwood=s motion and denied Gorbet=s.

In
the trial court and on appeal, Gorbet argues that Northwood is liable to him
for the remaining portion of the contract salary because it specifies that he
was to be paid for 12 months even if he was Aterminated or laid off.@[1] 
Northwood responds that it does not owe Gorbet for the remaining term of
the contract because it terminated him for good cause.

Standard
of Review

A
traditional summary judgment may be granted if the motion and summary judgment
evidence show that, except as to the amount of damages, there is no genuine
issue of material fact and the moving party is entitled to judgment as a matter
of law.  Tex. R. Civ. P. 166a(c).  
In reviewing a summary judgment, we take as true all evidence favorable
to the nonmovant and indulge every reasonable inference, and resolve any
doubts, in the nonmovant=s favor.  Valence
Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  Where, as here, the parties file
cross-motions for summary judgment, one of which was granted and the other
denied, we review the summary judgment evidence presented by both sides,
determine all questions presented, and affirm or reverse accordingly.  See id.  








Good
Cause

Because
Northwood=s affirmative defense of Agood cause@ to Gorbet=s breach of contract claim is dispositive
of this case, we consider it first.  If
an employer breaches an employment contract prior to complete performance, the
employee may recover his salary due for the full term of the contract.  Watts v. St. Mary=s Hall, Inc., 662 S.W.2d 55, 58 (Tex. App.CSan Antonio 1983, writ ref=d n.r.e.).  However, if an employer is warranted in
discharging an employee, the employee is not entitled to collect the salary
accruing to him after the date of his discharge.  Id. 
When a contract of employment is for a term (as opposed to at will),
the employer has the burden of showing good cause for the discharge.  See Lee-Wright, Inc. v. Hall, 840
S.W.2d 572, 578 (Tex. App.CHouston [1st Dist.] 1992, no writ). 

Good
cause is defined as the employee=s failure to perform duties in the
scope of employment that a person of ordinary prudence would have done under
the same or similar circumstances.  Id.
at 580.  Additionally, an employee=s duties to his employer include an
implied obligation to refrain from acting in a manner that would tend to injure
the employer=s business, interests, or
reputation.  Watts, 662 S.W.2d at
58.  Any breach of this obligation
amounts to good cause and justifies an employer in discharging the employee
from his services.  Id.  

In
this case, the contract contains no terms regarding grounds for discharge.  However, Northwood=s Employee Handbook (the Ahandbook@) provides that A[d]isciplinary action may include . .
. immediate termination of employment@ and that misconduct that may lead to
disciplinary action includes engaging in verbal or physical altercations on
company property and engaging in any actions that bring Aembarrassment or ridicule@ to Northwood.[2]








Northwood=s uncontroverted summary judgment
evidence showed that: (1) Gorbet engaged in a physical altercation while in the
course and scope of his employment; (2) such conduct was adverse to Northwood=s interests and prohibited by the
handbook; and (3) Gorbet was terminated for engaging in this conduct.  Gorbet argues that the contract must be paid
in full upon termination of employment for any reason because it is silent as
to the right of Northwood to terminate his employment for good cause.  However, Gorbet cites no legal authority in
support of this contention, and at least one Texas case has rejected this
argument.[3]  Gorbet also contends that the issue of good
cause is one for a jury.  However, where,
as here, the facts regarding an employee=s conduct are undisputed, Agood cause@ becomes a question of law.  See Lee-Wright, 840 S.W.2d at 580; Watts,
662 S.W.2d at 59.  Because Gorbet=s issues have failed to refute that
good cause for his discharge existed and was a valid defense to his claim, they
are overruled, and the judgment of the trial court is affirmed.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed November 3, 2005.

Panel consists of
Justices Fowler, Edelman and Guzman.

 

 











[1]           It is
not apparent how Gorbet=s appeal of the summary judgment against his contract
claim would involve Keilson, who signed the contract on behalf of Northwood,
but was not himself a party to it.





[2]           Both
Gorbet and Northwood attached copies of this manual to their summary judgment
motions or responses.





[3]           See
Ingram v. Dallas County Water Control & Improvement Dist. No. 7, 425
S.W.2d 366, 367 (Tex. Civ. App.CDallas 1968, no writ) (refusing to agree with
appellant=s contention that an employment contract for term
silent on the issue of termination must be paid in full upon discharge for any
reason).