

# NUMBER 13-14-00205-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CORNELIO MORALES,                                  **Appellant,**

**v.**

HIDALGO COUNTY IRRIGATION
DISTRICT NO. 6,                                     **Appellee.**

### On appeal from the 398th District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Perkes, and Longoria
### Memorandum Opinion by Justice Perkes

Appellant Cornelio Morales ("Morales") appeals from a summary judgment entered in favor of appellee Hidalgo County Irrigation District No. 6 ("District") on his breach of contract claim. By four issues, Morales argues that the trial court erred by: (1) granting summary judgment on the District's affirmative defenses of illegality and lack of

consideration; (2) denying Morales's motion for partial summary judgment; (3) denying Morales's motion for new trial; and (4) denying Morales's motion to compel the depositions of the District's board members and corporate representative. We reverse and remand.

## I. BACKGROUND

This appeal concerns an employment contract between Morales and the District. The contract provided that Morales would serve as the District's general manager for a period beginning on January 1, 2010 and ending on December 31, 2014. Under the contract, Morales agreed that he would "to the best of his ability, faithfully manage and operate the affairs of employer in a manner consistent with the laws applicable to employer and the policies set forth by its Board of Directors." The District was required to pay Morales "a fixed minimum annual gross salary of $106,655.00 for services performed on the employer's behalf[.]" The contract's termination clause provided that the agreement shall terminate upon the death or disability of Morales. The termination clause further stated:

> If employer's Board of Directors terminate or cancel this agreement for any reason other than those reasons provided for above in this agreement, prior to the completion of employee's term of employment, employee shall be entitled to receive a cash severance payment in an amount equal to the remaining compensation due for the term of this agreement.

Morales was employed by the District through August 25, 2011, when he received notice from the District's Board President that the District was terminating his employment contract because he "materially breached" its terms. Following termination, Morales filed a breach of contract action alleging that he was entitled to the remaining compensation

2

due for the term of the contract because the District terminated his employment for a reason other than death or disability. Morales sought recovery in the amount of $357,269.90 for the remaining 3 years, 4 months, and 6 days remaining on his contract at the time of termination. Morales also brought a claim for attorney's fees. The District answered, asserting illegality and lack of consideration as affirmative defenses.

Morales filed a motion for partial summary judgment,[1] arguing that there was no genuine issue of material fact concerning the elements of his breach of contract claim. The District filed a competing motion for traditional summary judgment on the basis of its affirmative defenses. By its motion, the District argued that the employment contract compelled the District to pay Morales five years of salary "regardless of whether he works a single second" for the District. For this reason, the District asserted that the contract lacked consideration and was illegal because it constituted a gratuitous grant of public funds to an individual in violation of the Texas Constitution. *See* TEX. CONST. art. III, § 52(a). The summary judgment evidence is undisputed that the employment contract was terminated by the District on August 25, 2011, and that the District did not pay Morales any severance payment.

The trial court entered an order granting the District's motion for summary judgment, finding that "the employment agreement made the subject of [Morales's] breach of contract suit is illegal and thus void[,]" and "said employment agreement is unenforceable for lack of consideration." The trial court denied Morales's motion for partial summary judgment in a separate order. This appeal followed.[2]

---

[1] Morales's motion for partial summary judgment did not include his claim for attorney's fees.
[2] By his fourth amended petition, Morales also brought an action for negligent misrepresentation

3

## II. SUMMARY JUDGMENT STANDARD OF REVIEW

We review a summary judgment de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We review the evidence presented in the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 208 (Tex. 2002). The party moving for traditional summary judgment bears the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Mann Frankfort*, 289 S.W.3d at 848; *see* TEX. R. CIV. P. 166a(c). A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively establishes all the elements of the affirmative defense. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508–09 (Tex. 2010); *Chau v. Riddle*, 254 S.W.3d 453, 455 (Tex. 2008); *see* TEX. R. CIV. P. 166a(b), (c).

## III. ILLEGALITY

By his first issue, Morales argues "the trial court erred in granting [the District's] Motion for Traditional Summary Judgment on the employment agreement based upon the affirmative defenses of illegality and lack of consideration." As argued in its motion for summary judgment and on appeal, the District contends that the employment contract

---

against Deborah Cordova and Kittleman, Thomas & Gonzalez, L.L.P., an attorney and law firm that provided legal services to the District in relation to Morales's employment contract. The causes of action against those defendants were severed into a separate cause that is not before us.

is illegal because it constitutes a gratuitous grant of public funds to an individual in violation of the Texas Constitution.   *See* TEX. CONST. art. III, § 52(a).

## A. Applicable Law

"A contract to do a thing which cannot be performed without a violation of the law is void."   *Plano Surgery Ctr. v. New You Weight Mgmt. Ctr.*, 265 S.W.3d 496, 501 (Tex. App.—Dallas 2008, no pet.) (quoting *Lewis v. Davis*, 199 S.W.2d 146, 148–49 (1947)). When the illegality does not appear on the face of the contract, it will not be held illegal unless the facts showing its illegality are before the court.   *Id.*   When two constructions of a contract are possible, courts must apply the construction that does not result in a violation of the law.   *See Ross v. Union Carbide Corp.*, 296 S.W.3d 206, 218 (Tex. App.—Houston [14th Dist.] 2009, pet. denied); *Gupta v. Eastern Idaho Tumor Inst., Inc.*, 140 S.W.3d 747, 752 (Tex. App.—Houston [14th Dist.] 2004, pet. denied).   "Unless the contract's language is ambiguous, contract interpretation is a legal question that we review de novo."   *AmeriPath, Inc. v. Hebert*, 447 S.W.3d 319, 329 (Tex. App.—Dallas 2014, pet. denied).

Article III, section 52(a) of the Texas Constitution provides, in relevant part, that, "the Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the State to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation[.]"   TEX. CONST. art. III, § 52(a).   The purpose of this constitutional provision is to prevent the gratuitous application of public funds to any individual.   *Graves v. Morales*, 923 S.W.2d 754, 757 (Tex. App.—Austin 1996, pet. denied).   But the Constitution does not invalidate an

5

expenditure which incidentally benefits a private interest if it is made for the direct accomplishment of a legitimate public purpose. *Brazoria County v. Perry*, 537 S.W.2d 89, 90 (Tex. Civ. App.—Houston [1st Dist.] 1976, no writ). Section 52(a) does not prohibit payments to individuals that: (1) serve a legitimate public purpose; and (2) afford a clear public benefit received in return. *Tex. Mun. League Intergovernmental Risk Pool v. Tex. Workers' Comp. Comm'n*, 74 S.W.3d 377, 383 (Tex. 2002).

## B. Analysis

The employment contract entitles Morales to a cash severance equal to the remaining compensation due for the term of his employment if the District terminates the contract for any reason other than death or disability. The District argues that the contract lacks consideration and is illegal because it entitles Morales to five years of compensation in the event he failed to report for even one day of work, presumably because the contract is silent regarding the right of the District to terminate his employment for good cause. The District cites no legal authority in support of this contention, and at least one Texas court has rejected this argument. *See Ingram v. Dallas County Water Control & Improvement Dist. No. 7*, 425 S.W.2d 366, 367 (Tex. Civ. App.—Dallas 1968, no writ) (refusing to agree with appellant's contention that employment contract for term silent on issue of termination for cause must be paid in full upon discharge for any reason). We also note that the contract unambiguously provides for Morales's performance as a general manager as consideration for compensation.

The District does not argue that Morales failed to perform his obligations under the contract. "As a rule, parties have the right to contract as they see fit as long as their

6

agreement does not violate the law or public policy." *In re Prudential Ins. Co. of America*, 148 S.W.3d 124, 129 (Tex. 2004). Parties are bound by the terms of their agreement as written, and this court cannot rewrite the agreement to change its terms. *Alamo Community College Dist. v. Miller*, 274 S.W.3d 779, 785–86 (Tex. App.—San Antonio 2008, no pet.).

The employment contract does not constitute a gratuitous payment of public funds to Morales. The contract clearly serves a legitimate public purpose—the employment of the District's general manager. The benefit received in return by the District under the contract is the performance by Morales of the duties of general manager. The "severance" required for early termination of the contract by the District was a term that was negotiated by the parties, presumably to achieve that end. "A political subdivision's paying public money is not 'gratuitous' if the political subdivision receives return consideration." *Tex. Mun. League Intergovernmental Risk Pool*, 74 S.W.3d at 383.

Texas courts have long held that the performance of employment duties is consideration for the payment of benefits to employees under the terms of a contract, and therefore such payments are not unconstitutional gratuities. *See Byrd v. City of Dallas*, 6 S.W.2d 738, 740 (Tex. 1928) (explaining that "[t]here is no reason why a city may not engage its servants and employees upon any terms of payment acceptable to both parties"); *City of Corpus Christi v. Hershbach*, 536 S.W.2d 653 (Tex. Civ. App.—Corpus Christi 1976, writ ref'd n.r.e.); *City of Galveston v. Landrum*, 533 S.W.2d 394 (Tex. Civ. App.—Houston [1st Dist.] 1976, writ ref'd n.r.e.); *Devon v. City of San Antonio*, 443 S.W.2d 598 (Tex. Civ. App.—Waco 1969, writ ref'd); *City of Orange v. Chance*, 325

7

S.W.2d 838 (Tex. Civ. App.—Beaumont 1959, no writ); *City of San Antonio v. Baird*, 209 S.W.2d 224, 225 (Tex. Civ. App.—San Antonio 1948, writ ref'd); *see also* TEX. EDUC. CODE ANN. § 11.201(c) (West, Westlaw through Ch. 46 2015 R.S.) (authorizing severance payments to superintendents of a school district on early termination of the superintendent's contract); TEX. ATT'Y GEN. OP. No. H-786 (1976) (severance payment of one year salary for terminated college professor is constitutional so long as it is a term or condition of employment).

We conclude that Morales's employment contract does not authorize a gratuitous payment of public funds in violation of the Texas Constitution. We also conclude that the contract is not void for lack of consideration. *See Ingram*, 425 S.W.2d at 367 (concluding that consideration for written employment contract for term was the mutual covenants of the parties—i.e., employee would perform certain services for which he was to be compensated at stipulated rate). The trial court erred in granting the District's motion for summary judgment. We sustain Morales's first issue.

## IV. MORALES'S MOTION FOR SUMMARY JUDGMENT

By his second issue, Morales argues the trial court erred in denying Morales's motion for partial summary judgment on its breach of contract claim. Morales moved for summary judgment on his breach of contract claim pursuant to Rule 166a(c). *See* TEX. R. CIV. P. 166a(c) (movant is entitled to summary judgment on claim if he can show that there is no genuine issue of material fact and that he is entitled to judgment as matter of law). The trial court denied his motion.

8

Generally, the denial of a motion for summary judgment is an interlocutory order that, with a few exceptions, is not appealable. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 627 (Tex. 1996). One exception arises when the parties file motions for summary judgment on the same issues and the trial court grants one motion and denies the other. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). Under this scenario, the appellate court considers the summary judgment evidence presented by both sides, determines all questions presented, and, if the reviewing court determines that the trial court erred, renders the judgment the trial court should have rendered. *See id.* However, this exception is inapplicable when the parties do not move for summary judgment on the same issue. *Mitchell v. Mitchell*, 445 S.W.3d 790, 800–01 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

The parties in this case moved for summary judgment on different issues—Morales moved for summary judgment on his breach of contract claim and the District moved for summary judgment solely on the basis of two affirmative defenses. Therefore, the denial of Morales's motion for summary judgment is not properly before this court. *See Mitchell*, 445 S.W.3d at 800–01 (declining to rule on denial of plaintiff's motion for partial summary judgment on breach of fiduciary duty claim, where defendant moved for summary judgment solely on the basis of his affirmative defense); *Givens v. Ward*, 272 S.W.3d 63, 67 (Tex. App.—Waco 2008, no pet.) (explaining that appellate court may reverse and remand if parties' competing motions for summary judgment are premised on different grounds); *see also Frankoff v. Norman*, No. 14–11–00152–CV, 2012 WL 2394050, at *6, 8 (Tex. App.—Houston [14th Dist.] Jun. 26, 2012, no pet.) (mem. op.) (reversing trial

9

court's grant of summary judgment on defendant's affirmative defenses and overruling plaintiff's appellate challenge to trial court's denial of plaintiff's motion for summary judgment on breach of fiduciary duty claim because challenge did not fit within any exception to general rule that appellate courts may not review denials of summary judgment).

We also note that Morales's motion for partial summary judgment did not seek a final judgment and, therefore, we lack appellate jurisdiction to review the trial court's denial of that motion. *See Alaniz v. Rebello Food & Beverage, LLC,* 165 S.W.3d 7, 20 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Accordingly, we overrule Morales's second issue.

Finally, given our disposition of Morales's first two issues, we do not reach his remaining issues. TEX. R. APP. P. 47.1.

## V. CONCLUSION

We reverse the judgment of the trial court granting the District's motion for summary judgment and remand the cause for further proceedings consistent with this opinion.

GREGORY T. PERKES
Justice

Delivered and filed the
24th day of September, 2015.

10