Harold McDONALD, d/b/a Red Chain Feed Store, et al., Appellants,

v.

Lynn GRANT, Appellee.

No. 7064.

Court of Civil Appeals of Texas.

Texarkana.

April 8, 1958.

Rehearing Denied May 6, 1958.

McDaniel, Hunt & Fairchild, Center, for appellants.

Hardy & Odom, Tyler, for appellee.

DAVIS, Justice.

Plaintiff-appellee, Lynn Grant, sued appellant, defendant, Harold McDonald d/b/a Red Chain Feed Store, and defendant, Harvie Edward Adkinson, for damages for injuries sustained when appellee was struck by a truck driven by Adkinson.

Appellee was working for the Texas Highway Department, with an engineering crew on May 16, 1956, when injured.

Appellant McDonald filed a plea of privilege to be sued in Shelby County, the county of his residence, which plea was controverted, and upon a hearing, was overruled. McDonald appealed and brings forward two points; then, in what he designates as his "Third Point" he says: "This case should be reversed and rendered because the evidence of appellee affirmatively shows that he has no right of action against appellant at all." This is nothing more than a statement of an opinion by appellant. The record does not show that he urged this proposition in the trial court. If such proposition, being a plea in bar, had been pleaded and urged in the trial court, the plea of privilege would have been waived. See authorities cited under Note 16, Rule 86, Vernon's Annotated Texas Rules of Civil Procedure. A point of error is a complaint, briefly stated, of some single finding, ruling or judgment of the trial court that is contrary to the evidence or the law. The so-called "Third Point" makes no such complaint and is overruled. Further, this goes to the merits of the case and has nothing to do with the question of venue.

By Points One and Two, appellant complains of the action of the trial court in overruling his plea of privilege and says: (1) There is no evidence, and (2) the evidence is insufficient, to show that any act or omission of negligence on the part of appellant, in person, or of his servant, agent or representative acting within the course or scope of his employment, caused any injury to appellee.

There is evidence that defendant Adkinson was driving and operating a truck at the time and on the occasion in question in such manner as to constitute gross negligence, and such negligence caused the injuries and damage to appellee. Upon the side of the truck was the label, "Red Chain Feed Store." Appellant's plea of privilege begins as follows: "Now comes Harold McDonald, *d/b/a Red Chain Feed Store* * * *". (Emphasis added.) The plea of privilege was introduced in evidence by appellant without any limita-

tion whatever. Having introduced the plea of privilege into evidence without limitation, he is bound by every word, phrase and sentence therein. Lock v. Morris, Tex. Civ.App., 287 S.W.2d 500, wr. ref., n. r. e. Therefore, under the "Branded Car" doctrine, there is some evidence, and the evidence is sufficient to support the judgment of the trial court. Globe Laundry v. McLean, Tex.Civ.App., 19 S.W.2d 94, n. w. h.; Gregg v. De Shong, Tex.Civ.App., 107 S.W.2d 893, wr. dis., and Walker v. Johnston, Tex.Civ.App., 236 S.W.2d 534, wr. dis.

Points One and Two are overruled and the judgment of the trial court is affirmed.