**Delbert D. FLOCK, Appellant,**

v.

**Wayne KELSO, Appellee.**

No. 7228.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 11, 1963.

Harris E. Lofthus, Amarillo, for appellant.

A. Curtis Neal, Amarillo, for appellee.

DENTON, Chief Justice.

This is an appeal from a judgment in favor of appellee, Wayne Kelso, against Delbert D. Flock in a suit on a sworn account and the foreclosure of a constitutional

lien on a dirt grinding machine. Flock originally filed suit against Kelso for damages for the alleged unlawful taking of the machine from Flock's possession. Kelso filed a cross-action seeking recovery for the labor and materials furnished in manufacturing the machine, and for the foreclosure of a constitutional lien. Based upon the jury's verdict, the trial court entered judgment in favor of Kelso in the amount of $1,942.69 and for the foreclosure of the lien. Flock was denied recovery on his cause of action, and after his motion for new trial was overruled by operation of law he timely perfected this appeal.

Appellant's only point of error urged here reads: "The court erred in overruling Flock's motion for new trial." By a counterpoint, appellee challenges appellant's point of error as being in violation of Rule 418, Texas Rules of Civil Procedure, in that it presents no specific complaint for review.

It is well established that Rule 418 requires a point of error to direct the attention of the court to the particular error relied upon, and that such point must not be multifarious or too general. Appellant's motion for new trial contains eight grounds of alleged error as a basis for setting aside the trial court's judgment. We are of the opinion the point of error is too general and multifarious to be considered by this Court on appeal. Dallas Fountain & Fixture Company v. Hill (Tex.Civ.App.), 330 S.W.2d 648 (Refused) (NRE); Tindall v. Tacconelly (Tex.Civ.App.), 328 S.W.2d 909 (Refused) (NRE); United States Liability Insurance Company v. Baggett (Tex. Civ.App.), 285 S.W.2d 804 (Refused) (N RE); Carnes v. Kay (Tex.Civ.App.), 210 S.W.2d 882 (NWH). Although we are mindful of the policy of appellate courts to indulge a liberal construction in favor of the sufficiency of a point of error, the statement and argument under the point are not sufficient to remove the obvious defects in appellant's point of error.

In reviewing the brief, we deduce that appellant is contending there is no evidence to support the jury's finding that Flock's loss of the use of the machine was not the result of Kelso's own action. Assuming the point of error is adequate, we are of the opinion the complaint of "no evidence" is without merit. There was evidence to support the jury's findings that the machine was taken from Kelso's possession without his knowledge and consent; that Kelso was not acting with malice in retaking the machine from Flock; and that Flock acted with malice in filing a criminal complaint against Kelso and in sequestering the machine. These findings, supported by the evidence, are sufficient to bring us to the conclusion the finding complained of is supported by the evidence.

The judgment of the trial court is accordingly affirmed.

Affirmed.