**William E. HOLZAPFEL, Appellant,**

**v.**

**Mildred BRUEGGMAN et al., Appellees.**

**No. 200.**

Court of Civil Appeals of Texas.

Corpus Christi.

June 9, 1966.

Rehearing Denied June 29, 1966.

Tom Cheatham, Cuero, for appellant.

Harry F. Maddin, of Cullen, Mallette, Maddin, Edwards & Williams, Victoria, for appellees.

## OPINION

GREEN, Chief Justice.

Appellant, William E. Holzapfel, brought suit against appellees for specific performance of a written contract for the sale of land. The contract was between appellant as buyer and appellee Brueggman as seller. Appellee Lewis Vowell was named a defendant because after the contract was made, he purchased the land from Brueggman, and was claiming title.

The case was tried before the court and jury. After the close of the evidence on June 8, 1965, the trial court directed counsel for both parties to submit in writing at 9:00 a. m. on June 10, such special issues as they would request, and he excused the jury until that time. Appellant prepared and submitted to the court seventeen special issues. Appellees admitted the facts to be as contended by appellant with reference to such of the issues as called for pure fact answers. Thereupon, the court ruled that there were no material fact issues to be submitted and discharged the jury, and proceeded to hear oral argument from counsel on the law of the case. A take-nothing judgment was rendered by the court.

Appellant's brief contains twenty points of error. Points Nos. 3 to 19 inclusive are each directed at the alleged error of the court in refusing to submit to the jury a requested special issue. These points were not briefed in accordance with the requirements of Rule 418, Texas Rules of Civil Procedure. Hartford Fire Insurance Company v. Christianson, Tex.Civ.App., 395 S. W.2d 53, p. 65, writ ref. n. r. e. On oral argument, appellant expressly waived consideration by this court of said seventeen points. There was no dispute on the trial, and appellee readily stipulated to the trial court and appellant at the close of the evidence, that the contract in question was duly executed by the parties and timely filed for record with the. county clerk of DeWitt County, Texas, wherein the land is located, that defendant Vowell had both constructive and actual notice of the provisions of said contract before and at the time of his purchase of said land from his co-defendant, that defendant Brueggman had failed to comply with the provision of the contract that she furnish appellant with an abstract to the property and had failed and refused to convey said property to appellant, that appellant was at all times ready, able and willing to purchase the land on the terms specified in the contract, and was at all times claiming the right to purchase the land on the terms named in the contract, and that defendant Brueggman sold the land to Vowell after entering into the contract with appellant. These were the fact matters which were inquired about in ap-

pellant's requested issues. We find that the trial court did not err to appellant's prejudice in refusing to submit appellant's requested special issues to the jury.

Appellant's first point is as follows:

## "APPELLANT'S FIRST POINT

"The Trial Court erred in holding that there were no issues of fact to be submitted to the jury, taking the cause from the jury, and rendering judgment by the Court against Appellant and in favor of Appellees, in direct conflict with the former and prior judgment of said Court in overruling Motion for Summary Judgment in this cause for the reason that said Court decreed that a material fact question existed in said cause of action."

The fact that the trial court, following a hearing on motions for summary judgment filed by each party, stated in its order that, having considered the pleadings, evidence, and argument of counsel in connection with said motions, he "is of the opinion that a material fact question does exist, and that, therefore, both of said motions for summary judgment should in all things be overruled" is not res judicata that a fact question which should be submitted to a jury will be raised on the trial on the merits. When the trial court proceeds to hear a motion for a summary judgment, he decides whether or not a genuine issue of a material fact is presented from the evidence then before him at the time the motion is heard, and whether from such evidence the moving party is entitled to judgment as a matter of law. Rule 166–A(c), T.R.C.P. On the subsequent trial of the cause on the merits, after a motion for summary judgment is overruled, the existence of disputed issues of material facts to be submitted to a jury depends entirely upon the evidence introduced at such trial.

Appellant's First Point is overruled.

Appellant's Second Point reads:

## "APPELLANT'S SECOND POINT

"The Trial Court erred in permitting Appellees to orally urge the affirmative defense of lack of mutuality of remedy of said contract of sale, over the objection of Appellant that Appellees had not pleaded the lack of mutuality of remedy of said contract of sale in any of their pleadings, as a defense."

It will be noticed that appellant's complaint here is that the trial court erred in permitting appellees' counsel to urge a point of law to the court. There is no suggestion in appellant's point, or in his statement and argument under the point, that this argument had any effect upon the trial court, or that he approved same, or based his decision in whole or in part thereon. It is not reversible error for a trial court to listen to counsel argue, mistakenly, a point of law. Without deciding whether lack of mutuality of remedy is a defense which must be plead as a defense, we overrule appellant's Second Point.

Appellant's Twentieth and last Point of Error reads:

## "APPELLANT'S TWENTIETH POINT

"This case should be reversed because the Court, after all the evidence had been introduced, and the Plaintiff, at the direction of the Court, had prepared and submitted to the Court Plaintiff's specially requested issues, the Court, in blanket form, refused all of Plaintiff's said specially requested issues, and, on motion of the Court as requested by Defendants, determined and found that there were no issues of fact to be submitted to the jury, and after such determination, the Court discharged the jury, and proceeded to entertain the argument of Plaintiff and Defendants on the matters of law concerning this cause, and the Court thereafter, under date of August 6th., 1965, entered nunc pro tunc judgment that Plaintiff should take nothing as against the

Defendants, Mildred Brueggman and Lewis Vowell."

We consider the point as being multifarious and too general to comply with the requirements of Rule 418, T.R.C.P. It is multifarious because it, in one point, enumerates several different actions of the court as being reversible error, to-wit, (1) the court's refusal, in blanket form, of all of appellant's requested special issues; (2) the court's determination that there were no issues of fact to be submitted to the jury; (3) the court, after discharging the jury, proceeding to entertain argument of plaintiff and defendants on the matters of law concerning the case, and (4) the subsequent entry of a "nun pro tunc" judgment that plaintiff take nothing as against the defendants. Appellate Procedure in Texas, § 12.4, Multifarious Points of Error; Johnson-Sampson Construction Company, Inc. v. W & W Waterproofing Company, Inc., 274 S.W.2d 926, writ ref., n. r. e.; Lofland v. Jackson, Tex.Civ.App., 237 S.W.2d 785, writ ref., n. r. e.; Darling v. Panhandle & Santa Fe Ry. Co., Tex.Civ.App., 209 S.W.2d 660, writ ref., n. r. e.; Tatton v. Aransas County, Tex.Civ.App., 359 S.W.2d 200.

The portion of the point claiming as reversible error the entry of the judgment that plaintiff take nothing as against defendants is too general in that it does not direct the attention of this court to the particular error relied upon. Missouri-Kansas-Texas Railroad Co. v. McFerrin, 156 Tex. 69, 291 S.W.2d 931, 941; Isenhower v. Bell, Tex.Sup.Ct., 365 S.W.2d 354; McWilliams v. Muse, 157 Tex. 109, 300 S.W.2d 643. That such a point does not comply with the briefing rules has been decided in a number of Texas cases, including Covington v. City of Denison, Tex.Civ.App., 369 S.W.2d 824; Flock v. Kelso, Tex.Civ.App., 366 S.W.2d 698; McDonald v. Grant, Tex.Civ.App., 312 S.W.2d 694; Tindall v. Tacconelly, Tex.Civ.App., 328 S.W.2d 909, writ ref., n. r. e.; Little v. Employees Security Life Ins. Company, Tex.Civ.App., 343 S.W.2d 517; White v. Great American Reserve Insurance Co.,

Tex.Civ.App., 342 S.W.2d 793; Crutchfield v. Associates Investment Company, Tex.Civ.App., 376 S.W.2d 957, writ ref.; Winn-Lee Masonry Co. v. McClendon Construction Company, Tex.Civ.App., 305 S.W.2d 823; Pleasant Grove Builders, Inc. v. Phillips, Tex.Civ.App., 355 S.W.2d 818, writ ref., n. r. e.

Although we hold that Point Twenty is multifarious and too general to comply with Rule 418, T.R.C.P., we shall discuss the grounds, as we understand them, on which appellant relies as disclosed in his statement and argument accompanying said point to determine whether reversible error is shown. Tindall v. Tacconelly, supra; Crutchfield v. Associates Investment Company, supra; Covington v. City of Denison, supra.

In his statement under this point, jointly briefed with First Point, appellant summarizes in some detail the testimony of the witnesses which, as appellees stipulated then and agree now, established that the contract of sale had been duly executed by the parties, had been recorded, that the defendant Brueggman had failed to perform under the contract, and had refused to deliver to appellant an abstract of title to the property as provided by the contract though frequently requested by appellant to do so, that the defendant Brueggman had subsequently sold the property to defendant Vowell, that Vowell was constructively and actually possessed of knowledge of the existence of the contract of sale to appellant, and that appellant had been at all times ready, able and willing to perform the contract.

However, appellant fails to set out any argument to establish that the trial court erred in refusing, on the pleadings and these uncontroverted facts, including the terms of the written contract, to decree the equitable relief of specific performance. Instead, he argues exclusively that the court erred in not submitting special issues to the jury. He contends as fundamental error the failure to submit the issues of laches, plead by defendants as a defense.

There was no evidence in the record to support such a defense, no special issue or finding by the court on such plea was requested by the defendant, and there is no contention made by either party that the court's judgment was in any way based on a finding of laches. He argues under this point that the court was required to submit to the jury issues requesting whether the appellee Brueggman breached her contract with appellant, and whether Brueggman failed and refused to furnish an abstract to appellant, and whether appellant used reasonable efforts to have appellee Brueggman comply with the contract, and whether Vowell was an innocent purchaser for value of the land. We have already shown that the affirmative of all of these facts were conceded by appellees, and found to be true by the court, and have held that the court did not commit reversible error in refusing to submit such issues to the jury.

■■■ The above constitutes practically the entire argument of appellant under Point 20. There is no discussion of any law pertaining to specific performance. The law does not impose upon the appellate court the duty of discovering, from the pleadings, evidence and other matters of record whether the trial court has committed reversible error in its decision of the case. The duty of designating the particular error relied upon rests upon counsel for the appellant. Missouri-Kansas-Texas Railroad Co. v. McFerrin, supra; McClanahan v. Cook, Tex.Civ.App., 401 S.W.2d 352. One of the main purposes of the rule with reference to the requirements of briefs in the Courts of Civil Appeals is to require counsel to put before the appellate court at least the substance of the point relied on for reversal, and to relieve the court from having to piece together a point for appellant from examination of the transcript and statement of facts. Isenhower v. Bell, Tex. Sup.Ct., 365 S.W.2d 354, 358.

Appellant's Twentieth Point does not disclose reversible error on the part of the trial court, and is overruled.

Judgment affirmed.