**T J SERVICE COMPANY, Appellant,**

v.

**UNITED STATES FIDELITY & GUARAN-
TY COMPANY, Appellee.**

No. 629.

Court of Civil Appeals of Texas,
Corpus Christi.

Oct. 7, 1971.

Rehearing Denied Oct. 28, 1971.

Sorrell, Anderson, Sorrell & Atwill, Wm. R. Anderson, Jr., Corpus Christi, for appellant.

Keys, Russell, Watson & Seaman, M. W. Meredith, Jr., Corpus Christi, for appellee.

## OPINION

BISSETT, Justice.

This is a suit brought by T J Service Company against United States Fidelity and Guaranty Company for an alleged breach of a liability insurance contract. T J Service Company, an oil well reworking and service company, was the insured under a comprehensive general liability insurance policy issued by United States Fidelity and Guaranty Company. During the policy year, T J Service Company sued Traders Oil & Royalty, who filed a cross-action against T J Service Company. United States Fidelity and Guaranty Company denied coverage under the policy and refused to defend against the cross-action. Judgment was entered against T J Service Company on the cross-action; it then instituted this action against United States Fidelity and Guaranty Company to recover the amount of the judgment (up to the policy limits), and for its expenses incurred.

The trial was to a jury and a take nothing judgment was rendered. T J Service Company has duly and timely perfected this appeal. We affirm. The parties to this appeal will henceforth be referred to as appellant and appellee, respectively.

The jury, in substance, found that (a) appellant failed to give written notice to appellee as soon as practicable of the occurrence alleged to be covered by the insurance contract; (b) such failure was not waived by appellee; (c) appellant failed to immediately forward to appellee every demand, notice, petition, cross-action, counterclaim or other pleading received by appellant concerning the occurrence alleged to be covered by the insurance policy; (d) such failure was not waived by appellee;

and (e) prior to the time appellant settled its lawsuit against Traders Oil & Royalty, appellee did not deny coverage under the policy solely on the underground resources and equipment exclusion attached to the policy. Judgment was entered on this verdict.

Appellant's first point of error asserts that "the trial court erred in finding there was evidence to support the jury finding to Special Issues Nos. 1, 2, 3, 4 and 5"; its second point charges error in that "the trial court erred in finding that the preponderance of the evidence was in support of the finding of the jury to Special Issues Nos. 1, 2, 3, 4 and 5". These points are overruled. A point of error that does not present fundamental error is multifarious if it embraces more than one specific ground of error, or if it attempts in one point to attack several distinct and separate rulings of the trial court. These points fall squarely within the rule stated above. Both points embrace more than one specific ground of error. Fundamental error is not presented and the points are clearly multifarious. Kettle v. Smircich, 415 S.W.2d 935, 940 (Tex.Civ.App., Corpus Christi, 1967, n. w. h.); Holzapfel v. Brueggman, 404 S.W.2d 916 (Tex.Civ.App., Corpus Christi 1966, wr. ref. n. r. e.); City of Shamrock v. Hrnciar, 453 S.W.2d 898 (Tex.Civ.App., Eastland, 1970, wr. ref. n. r. e.); Johnson-Sampson Construction Company, Inc. v. W & W Waterproofing Company, Inc., 274 S.W.2d 926 (Tex.Civ.App., Amarillo, 1953, wr. ref. n. r. e.); Sheffield v. Lewis, 287 S.W.2d 531 (Tex.Civ.App., Texarkana, 1956, n. w. h.); Hudspeth v. Hudspeth, 206 S.W.2d 863 (Tex.Civ.App., Amarillo, 1947, n. w. h.); Appellate Procedure in Texas, § 12.4(4).

Although we hold that appellant's first and second points are multifarious and overruled, we have, however, tested their sufficiency in line with the rule that requires us to look also to the statement and argument under the points. Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478, 482 (1943); Tindall v. Tacconelly, 328 S.W.2d

909 (Tex.Civ.App., San Antonio, 1959, wr. ref. n. r. e.).

■■ The first argument is a "no evidence" type point; we are, under this type of point, required to review the evidence in its most favorable light in support of the jury findings and to disregard the evidence and inferences to the contrary. Garza v. Alviar, 395 S.W.2d 821 (Tex.Sup. 1965); Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609 (1951). The second argument is an "against the preponderance of the evidence" type point. This involves a determination of fact questions as opposed to law questions. We consider and weigh all the evidence in the record; it must clearly appear that the jury findings are wrong before the appellate court may set them aside. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951); State v. Dehnisch, 437 S.W.2d 46 (Tex.Civ.App., Corpus Christi, 1968, n. w. h.). We examine the evidence in accordance with these rules.

On November 22, 1967, appellant and Traders Oil & Royalty entered into a written agreement whereby appellant agreed to furnish a workover rig and the necessary equipment to rework an oil well located in Nueces Bay, Nueces County, Texas.

Appellant reworked the well in November-December, 1967. Differences and disputes arose concerning the work performed that culminated in appellant filing suit against Traders Oil & Royalty in April, 1968, wherein appellant sought to recover for services rendered and materials furnished in connection with the reworking of the well. Traders Oil & Royalty filed a cross-action against appellant on June 28, 1968, wherein it alleged that appellant breached the agreement and failed to swab the well, all of which resulted in the failure of the well to be commercially productive. Appellant answered the cross-action and counterclaim on July 8, 1968 by the filing of (a) a denial, and (b) special exceptions contending that the alleged failures were not set forth with such exactness as to enable appellant to make its defense; the exceptions were sustained.

On August 8, 1968, Traders Oil & Royalty filed its first amended cross-action. In this pleading damages were sought not only for the breach of the agreement, but also for the alleged negligence of appellant in the manner in which the reworking operations were conducted. Thereafter, in August, 1968, appellant requested that the case be set for trial for March 10, 1969.

On November 9, 1968, appellant filed a special exception to the first amended cross-action and counterclaim. This exception was sustained by the trial court at a hearing held on February 27, 1969 and the cross-plaintiff was given one week within which to amend. Traders Oil & Royalty amended by filing its second amended cross-action and counterclaim on March 6, 1969, wherein it was again alleged that appellant had breached the agreement and was negligent in its reworking operations and that such negligence caused damage to Traders Oil & Royalty; alleged facts constituting negligence were set out in considerable detail in this pleading.

By transmittal letter dated March 10, 1969, counsel for appellant forwarded a copy of the second amended cross-action to appellee, and notified appellee that appellant took judgment against Traders Oil & Royalty on March 10, 1969 for a stated sum of money, that on motion made by counsel for appellant the cross-action was severed from appellant's suit against Traders Oil & Royalty, and that the same was set for trial for April 28, 1969. In addition, counsel for appellant filed an answer to the second amended cross-action and sent a copy thereof to appellee. Appellant requested that it be protected under the terms of its insurance coverage. Appellee denied coverage and refused to defend against the cross-action.

In September, 1969, the cross-action controversy was settled, whereby appellant agreed to pay Traders Oil & Royalty a certain sum of money and appellant was re-

leased from all claims that Traders Oil & Royalty had against it as of that date. On September 12, 1969, appellant notified appellee of the disposition made of the cross-action, and demand was made that appellee reimburse appellant up to the policy limits, together with the costs of defending the action. Appellee refused. Appellant then brought suit against appellee.

Section 4(a) of the Conditions of the insurance policy contract made it the duty of appellant to give appellee written notice as soon as practicable of the occurrence that was made the basis of a claim or suit against appellant. Section 4(b) of the Conditions required appellant to immediately forward to appellee if claim was made or suit brought, "every demand, notice, summons or other process received by him or his representative". Appellant did not comply with either of these requirements. It is clearly established by the evidence that (a) appellant had knowledge of an occurrence upon which a claim was being made on August 8, 1968 when it was delivered a copy of the first amended cross-action alleging that appellant was negligent in the reworking of the well; (b) appellant never forwarded a copy of the first amended cross-action to appellee; (c) a copy of the second amended cross-action was delivered to appellant on March 7, 1969, and was mailed to appellee on March 10, 1969 and, (d) appellee received written notice of the occurrence by letter dated March 10, 1969. The first amended cross-action was sufficient to show that Traders Oil & Royalty was charging appellant with negligence in the manner in which the well was reworked. The lack of specific details concerning the acts or omissions of appellant or the fact that the pleading might be (and was) subject to special exception did not alter the fact that an occurrence had happened upon which a claim had been made. The undeniable fact was that a claim and suit was being asserted against appellant. Therefore, it is clear under the policy that appellant should have notified appellee in writing as soon as practicable after August 8, 1968. The filing of the second amended cross-action

did not constitute either a new occurrence or a new suit. The same complaint was made in the manner in which the same reworking operations were conducted on the same well at the same time as theretofore alleged in the prior pleading. The second amended cross-action simply pleaded in greater detail the alleged acts or omissions constituting negligence.

The answers of the jury to Special Issues Nos. 1 and 3 are fully supported by the evidence. Appellant neither gave appellee the required written notice of the occurrence as soon as practicable after receiving knowledge that a claim was being made, nor delivered to appellant the pleading evidencing such claim immediately after receiving it. Such failure on the part of appellant amounted to a breach of Conditions 4(a) and 4(b) of the contract.

Notice of appellee's denial of coverage and refusal to defend the cross-action is embodied in a letter to appellant, dated March 18, 1969, which stated, in part:

"The United States Fidelity and Guaranty Co. carries the General Liability Policy on T. J. Service Company and attached to this policy is an endorsement which states 'This insurance does not apply to property damage included within the underground resources and equipment hazard'. The term 'Underground resources and equipment hazard' includes property damage to any of the following: oil, gas, water or other mineral substances which have not been reduced to physical possession above the surface of the earth. * * *

In reading the petition and cross action of Traders we believe their claim is excluded by this endorsement.

We must therefore respectfully deny coverage in this instances and must respectfully deny the defense of the aforementioned lawsuit. In stating these reasons for disclaimer we do not intend to waive any other defense no so stated."

Shortly thereafter, the matter was reviewed by appellee and counsel for appellant testified that appellee's representative later told him that coverage under the policy was denied under the saline substance and underground resources exclusion. Appellant filed suit against appellee on October 23, 1969. It was not until some time thereafter that appellee learned that the original cross-action and first amended cross-action had been served on appellant.

Appellant contends that appellee denied coverage under the policy solely on the ground that the claim of Traders Oil & Royalty was excluded for the reason stated in the letter of March 18, 1969. It argues that all other defenses, including failure to give written notice of the occurrence as soon as practicable and failure to forward the cross-action pleadings, were waived by appellee. We do not agree.

 Waiver is the intentional relinquishment of a known right or intentional conduct inconsistent with claiming it. Massachusetts Bonding & Insurance Co. v. Orkin Exterminating Co., 416 S.W.2d 396, 401 (Tex.Sup.1967). In Wirtz v. Sovereign Camp, W. O. W., 114 Tex. 471, 268 S.W. 438, 441 (1925), our Supreme Court said: "* * * Waiver presupposes full knowledge of existing right * * *." Applying those rules to the instant case, appellee did not waive the failure of appellant to give prompt notice of the occurrence upon which the claim was based or the failure of appellant to forward the suit papers promptly. Waiver did not occur under the record of this case because on March 18, 1969 appellee did not know that appellant knew of the claim on August 8, 1968, nor did it then have any knowledge that appellant had failed to forward a copy of the first amended cross-action that had been served on it. Appellee could not have waived the breach of any condition of the contract until it knew that the condition had been breached; appellee first learned of the late notice and the failure to forward suit papers promptly at some time after appellant filed this suit.

Moreover, appellee, in the letter of March 18, 1968, reserved all of its defenses, expressly stating that it did not intend to waive any other defense that it had.

In addition to other evidence, the jury had before it the amended cross-actions filed by Traders Oil & Royalty against appellee. From the testimony of the witnesses, the letters, and the cross-action pleadings filed by Traders Oil & Royalty, the jury was warranted in answering Special Issues Nos. 2, 4 and 5 the way that they were answered. Such answers find support in the evidence.

 Appellant dictated objections to the court's charge that were later transcribed and filed with the clerk. It is recited that such objections were overruled but the record does not show that such transcribed objections were ever presented to the trial judge so that he could endorse his ruling thereon as is required by Rule 272, Texas Rules of Civil Procedure. The copy in the transcript does not bear the signature of the trial judge. Appellant does not assign as error the action by the trial court in overruling its objections to the charge. Therefore, the charge of the court is considered by us as though no objections were made to it. However, appellant's third, fourth and fifth points of error state that the trial court erred in refusing to submit the requested special issues that are set out in its "objections to the charge". These points are without merit. Rule 273, T.R.C.P., is specific in its requirement that a request for special issues shall be made separate and apart from the requesting party's objections to the court's charge. Appellant did not comply with the rule. Cudmore v. Richardson-Merrell, Inc., 398 S.W.2d 640, 645 (Tex.Civ.App., Dallas, 1965, wr. ref. n. r. e.); Avant v. Gulf Coast Investment Corporation, 457 S.W.2d 134 (Tex.Civ.App., Dallas, 1970, n. w. h.). Furthermore, Rule 279, T.R.C.P., provides, in part, that failure to submit an issue shall not be deemed a ground for reversal of the judgment, unless its submission, in substantially correct wording, has been re-

quested in writing and tendered by the party complaining of the judgment. Here, appellant did not tender the requested issues in writing as required by the rule; they were dictated into the record and were later transcribed by the court reporter. They were not made separate and apart from appellant's objections to the court's charge but were incorporated in the objections as a part thereof. Since appellant did not make á proper request for the submission of these issues, there is no basis for appellate review. See McDonald, Texas Civil Practice, Sections 12.34.1 and 12.34.2. Appellant's third, fourth and fifth points are overruled.

Appellant's sixth point of error reads as follows:

### "SIXTH POINT OF ERROR

The trial court erred in failing to find that the undisputed and uncontradicted ·evidence introduced in the above styled and numbered cause showed the following:

1. Appellant was not the owner of the property or lease in question;

2. Appellant did not have the property in question under its care, custody or control;

3. Appellant did not have a plan of work prepared and developed by it which failed;

4. Appellant gave notice of the occurrence upon which this cause of action was based within a reasonable time;

5. Appellant forwarded· to Defendant Cross-Plaintiff's Second Amended Petition in the matter of Traders Oil & Royalty Company vs. T J Service Company, being Cause No. 96,897–AB as soon as practicable;

6. The claim by Traders Oil & Royalty Company set forth in Cause No. 96,-897–AB against T J Service Company was not specifically excluded from the insurance policy contract held by this Appellant with Appellee under its Underground Resources and Equipment Exclusion or the Saline Substances Contamination—Texas Exclusion;

7. Appellee, United States Fidelity and Guaranty Company, waived any objections it might have had to notice of claim and failure to forward papers to it by T J Service Company;

8. Appellee, United States Fidelity and Guaranty Company is estopped as a matter of law to deny coverage under its Policy No. ICC 50391 to T J Service Company;

9. Appellant gave reasonable notice to United States Fidelity and Guaranty Company of its claim under Policy No. ICC 50391;

10. The notice provisions contained in Policy ICC 50391 issued by United States Fidelity and Guaranty Company to T J Service Company are contrary to the provisions of Article 5546 of Vernon's Annotated Civil Statutes and therefore a claim of improper notice is invalid;

11. United States Fidelity and Guaranty Company unreasonably delayed raising the question of improper notice by T J Service Company so that such plea of improper notice is barred by laches;

12. United States Fidelity and Guaranty Company wrongfully failed to defend Cause No. 96,897–AB, styled Traders Oil & Royalty Company vs. T J Service Company;

13. United States Fidelity and Guaranty Company was indebted to Appellant under the terms of Policy No. ICC 50391 in the sum of $46,659.91, plus $5,125.00 in attorney's fees, plus those expenses shown by Plaintiff's Exhibit No. 15."

We consider the point as being multifarious and too general to comply with the requirements of Rule 418, T.R.C.P. Appellant complains in one point about the

matters set out in thirteen statements. These statements, when viewed in their entirety, encompass the entire lawsuit; the effect of such a broad and general point is to simply assert that the trial court committed reversible error. An analysis of the statements contained therein shows that more than one legal question is involved. The statements represent a conglomerate of fact and law questions. Findings of fact by the jury are disputed, matters of law are questioned, and the violation of a statute is presented, all in one point. More than one specific ground of error is embraced in the one point. The point, by its statements, asserts several distinct and separate alleged errors and attacks more than one ruling by the court. The point does not present fundamental error; therefore, for the reasons stated, the point, being multifarious, will not be considered by this Court. Appellant's sixth point is overruled. Holzapfel v. Brueggman, supra, and the cases cited therein; Lawler v. Aramco, Inc., 447 S.W.2d 189 (Tex.Civ. App., Houston 1st, 1969, wr. ref. n. r. e.); Smith v. Brown Express, 343 S.W.2d 550 (Tex.Civ.App., San Antonio, 1961, wr. ref. n. r. e.); Beeler v. Beeler, 363 S.W.2d 305 (Tex.Civ.App., Beaumont, 1962, wr. dism'd). However, if the point were to be considered as not being multifarious, an examination of each statement in the light of the evidence presented by the record in the case fails to reveal or show reversible error. There are other reasons why the point should be overruled.

■ We have already held that appellee did not waive any of the defenses that it had to the suit brought by appellant. Therefore, appellant was required to prove that it complied with the policy conditions with respect to notice of the occurrence and forwarding of suit papers, or that compliance therewith had been waived by appellee, before any cause of action would lie against appellee. This it did not do. Appellant had the burden to negative the exclusions from coverage alleged and invoked by appellee in its answer to appellant's petition. Sherman v. Provident American Insurance Company, 421 S.W. 2d 652, 654 (Tex.Sup.1967). It did not do so. In addition to what has already been said with respect to late notice and failure to forward suit papers, there is sufficient evidence in the record which shows that appellant owned a ¼th interest in the well and lease, that appellant had the care, custody and physical control of the well at the time its alleged acts or omissions constituting negligence were performed and done, and that the damage alleged to have been sustained from such reworking operations resulted from appellant's plan of reworking operations that failed because of its own negligence. The policy did not provide coverage of the type of claim made in either the first or second amended cross-actions.

■ On the issue of notice, appellant contends that the notice provisions in the policy violate the provisions of Article 5546, Vernon's Ann.Civ.St., which provides, in part:

"(a). No stipulation in a contract requiring notice to be given of a claim for damages as a condition precedent to the right to sue thereon shall ever be valid unless such stipulation is reasonable. Any such stipulation fixing the time within which such notice shall be given at a less period than ninety (90) days shall be void * * *."

Appellant argues in its brief "In this cause the notice provisions require notice in a less period of time than ninety days. Therefore, said provisions are contrary to statute and are void". This argument cannot be sustained. The statute does not apply to the case at bar; it applies only to the notice to be given of a claim for damages to property covered by an insurance policy contract. We do not have that type of claim in this case. We are not confronted with an action for damages to property that was covered by the policy issued by appellee. The notice that is involved in this litigation is the notice of an occur-

rence whereby a third party asserted a claim against the insured.

The judgment entered herein is supported by the following ruling of our Supreme Court in New Amsterdam Casualty Co. v. Hamblen, 144 Tex. 306, 190 S.W.2d 56, 58 (1945), decreeing the legal effect of failure to give notice as required by an insurance policy contract such as the one involved in this appeal, wherein it was said:

" * * * Our conclusion is that, viewing the notice requirement under its designation as a condition and in connection with the proviso, the necessary implication to be drawn therefrom is that failure to give notice of an accident or suit as soon as reasonably possible invalidates the claim for indemnity. This conclusion, we think, is well supported by authority. * * * "

For a further discussion of the rule, see Klein v. Century Lloyds, 154 Tex. 160, 275 S.W.2d 95 (1955).

■■■■■ The further contention that the question of late notice is barred by laches is not well taken. The fact of late notice was not discovered until after appellant had filed suit against appellee. Besides, there is no jury finding on the question of laches and no requested issue thereon. Consequently, the matter of laches, assuming it was raised by the evidence, which it was not, was waived by appellant.

None of the elements of estoppel are present in the record before us. Discussion is not required.

■■■ This was a jury case. Appellant did not request the trial court to make findings on any omitted issues of fact as might be authorized by Rule 279, T.R.C.P. A number of the matters presented by the statements in appellant's sixth point were foreclosed against appellant by the jury in their answers to the issues submitted; a number of the matters represented by the statements were neither submitted to the jury nor requested to be submitted. All of the questions submitted to the jury were answered by them. The evidence does not establish as a matter of law that the trial court erred in the thirteen areas set out in appellant's sixth point. In view of appellant's failure to request special issues resolving the material fact questions presented by the point, favorable answers to the statements contained therein were waived. Rule 279, T.R.C.P.; Wichita Falls & Oklahoma Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79 (1940); AAA Air Conditioning & Mfg. Corp. of Texas v. Barr, 186 S.W.2d 825 (Tex.Civ.App., Dallas, 1945, wr. ref.); Bueno v. Globe Indemnity Company, 441 S.W.2d 643, 648–649 (Tex.Civ.App., Corpus Christi, 1969, n. w. h.).

Appellant's seventh and eighth points of error were not preserved for appellate review. They are not germane to any assignment of error contained in the motion for new trial, nor does the subject matter thereof appear in appellant's motion for judgment non obstante veredicto. Judgment was signed and entered on January 28, 1971. The motion for new trial was filed and overruled on January 29, 1971. Appellant filed a supplemental motion for new trial on February 1, 1971 that was overruled on the same day. The seventh and eighth points are germane to assignments of error contained in the supplemental motion for new trial. Appellant insists that as the supplemental motion was filed within ten days from date of entry of judgment that the points were preserved for appeal; it contends that nothing in Rule 329b, T.R.C.P., prohibits the filing of a supplemental motion for new trial after the motion for new trial is overruled so long as the supplemental motion is filed within ten days from entry of judgment. The San Antonio Court of Civil Appeals, in Sinsheimer v. Edward Weil Co., 61 Tex. Civ.App. 209, 129 S.W. 187 (San Antonio, 1910), where the supplemental motion for new trial was filed two weeks after judgment was entered and after the motion for new trial was overruled, said:

"We know of no law authorizing or permitting the filing of any such motion,

and it was too late to raise any such question."

In Ellis v. Bonner, 7 Tex.Civ. App. 539, 27 S.W. 687 (First District, 1894), a second motion for a new trial was filed after the original motion had been overruled. It was held that the second motion could not be treated as an amendment to the original motion. The same holds true with respect to a supplemental motion for new trial that is filed after the original motion has been overruled. Rule 329b, T.R.C.P., is specific in stating that any amended motion for new trial "shall be filed before the original motion is acted upon". The latest expression by our courts that we have been able to find on the novel situation presented by these points is found in Trinity River Authority of Texas v. McMurrey, 411 S.W.2d 422, 426 (Tex.Civ. App., Beaumont, 1967, wr. ref. n. r. e.), where it was said:

"However, in this case the motion for new trial had already been overruled by operation of law and there is no provision under our rules for a second motion for new trial."

Other cases which are somewhat analogous are Schad v. Williams, 398 S.W.2d 603 (Tex.Civ.App., Dallas, 1965, wr. ref. n. r. e.) and Rogers v. Stimson Contracting Company, 373 S.W.2d 548 (Tex.Civ.App., Dallas, 1963, n. w. h.). Appellant has not cited any case in support of its contention that it was authorized to file such a motion. We perceive no reason why a supplemental motion for new trial should be treated differently than an amended motion for new trial. We hold that there is no provision under our rules that permit the filing of a supplemental motion for new trial after the original motion for new trial has been overruled. Appellant's seventh and eighth points are overruled.

The judgment of the trial court is affirmed.

SHARPE, J., not sitting.