Lowell NEWMAN et ux., Appellants,

v.

DELHI GAS PIPELINE COMPANY,
Appellee.

No. 780.

Court of Civil Appeals of Texas,
Tyler.

Dec. 19, 1974.

Wynne & Wynne, Wills Point (Elliott &
Bass, Clyde Elliott, Jr., Canton, of coun-
sel), for appellants.

Jackson, Walker, Winstead, Cantwell &
Miller, Jack Pew, Jr., Dallas, for appellee.

DUNAGAN, Chief Justice.

This is a condemnation case. It is one of six cases involving the condemnation of a right-of-way easement, for Delhi Pipeline, in Van Zandt County, Texas, that has reached this court. The jury verdict resulted in a judgment of $13,454.00, less deposits, for the landowners (appellants). Appellants' sole point of error complains of the refusal of the trial court to include in its charge the following requested special instruction:

"You are instructed that the Condemnees are entitled to recover in this one action the whole amount of the damages that they have incurred or will incur in the future because of the taking of the Condemnor."

This point of error cannot be sustained.

Counsel for appellants dictated to the court reporter, in the presence of opposing counsel and the court, his request for the special instruction which is shown only in the statement of facts, which was not signed by the trial judge. The record does not show that such request for the special instruction was transcribed and presented to the court so that he could endorse his ruling and official signature thereon.

Under the provisions of Rule 276, Texas Rules of Civil Procedure, if a party desires to request definitions or special issues, he shall make his requests in writing and timely present them to the court, who shall note his ruling thereon, such as "refused," "given," or "modified and given" as the case may be. Ramsey v. Polk County, 256 S.W.2d 425 (Tex.Civ. App., Beaumont, 1953, n. w. h.); Gowan v. Reimers, 220 S.W.2d 331 (Tex.Civ.App., Fort Worth, 1949, writ ref'd., n. r. e.). If the trial judge refuses or modifies a requested instruction, he must note thereon in writing the disposition made of such request and sign it officially. 31 Tex.Jur.2d p. 356, sec. 28; Rule 276, supra. There is no instrument in this record noting the dis-

position of the requested special instruction and signed by the trial judge as required by Rule 276, supra. Therefore, appellants' complaint of nonsubmission was waived. Bituminous Casualty Corporation v. Jordan, 351 S.W.2d 559 (Tex.Civ.App., Waco, 1961, n. w. h.). Rule 276, supra, also provides that such refused or modified instruction, "when so endorsed shall constitute a bill of exceptions, and it shall be conclusively presumed that the party asking the same presented it at the proper time, excepted to its refusal or modification, and that all the requirements of law have been observed, and such procedure shall entitle the party requesting the same to have the action of the trial judge thereon reviewed without preparing a formal bill of exceptions." However, without the endorsement of the trial judge, the appellants are not entitled to have the trial judge's action in refusing the requested instruction reviewed without preparing a formal bill of exceptions. The record does not contain a formal bill of exceptions approved by the court complaining of the refusal of the court to submit such specially requested instruction. As a matter of fact, there is no formal bill of exceptions whatsoever in the record. As above stated, this specially requested instruction appears only in the statement of facts. Since the record does not show that the requested instruction was presented to the judge and marked refused by him, there is nothing for the appellate court to review. Cantrell v. Garrett, 342 S.W.2d 466 (Tex.Civ.App., Houston, 1961, n. w. h.); McDonald Texas Civil Practice, Vol. 3, p. 430, sec. 12.34.2; Hodges, Special Issue Submission in Texas, Sec. 57 (1959).

Furthermore, Rule 279, T.R.C.P. provides, in part, that failure to submit a definition or explanatory instruction shall not be deemed a ground for reversal of the judgment, unless its submission, in substantially correct wording, has been requested in writing and tendered by the party complaining of the judgment. In the instant

case appellants did not tender the requested issues in writing as required by the rule; they were dictated into the record as above stated. Therefore, since appellants did not make a proper request for the submission of these issues, there is no basis for appellate review. T J Service Co. v. United States Fidelity & Guaranty Company, 472 S.W.2d 168 (Tex.Civ.App., Corpus Christi, 1971, writ ref'd., n. r. e.); McDonald Texas Civil Practice, Secs. 12.34.1 and 12.34.2.

For all the reasons herein stated, the judgment of the trial court is affirmed.