RECEIVED IN
COURT OF CRIMINAL APPEALS

March 31, 2015

ABEL ACOSTA, CLERK

No. PD-0820-15

In the

**COURT OF CRIMINAL APPEALS**

of the

**STATE OF TEXAS**

_____

**THE STATE OF TEXAS, Petitioner**

*v.*

**JOHN ALLEN WACHTENDORF, JR., Respondent**

_____

**RESPONSE TO PETITION FOR DISCRETIONARY REVIEW**

_____

FROM THE COURT OF APPEALS
FOR THE THIRD JUDICIAL DISTRICT OF TEXAS AT AUSTIN
IN CAUSE NUMBER 03-14-00633-CR

APPEAL FROM THE 368TH DISTRICT COURT
OF WILLIAMSON COUNTY IN CAUSE NUMBER 13-0197-K277

**KRISTEN JERNIGAN**
Attorney for Respondent
State Bar Number 90001898
207 S. Austin Ave.
Georgetown, Texas 78626
(512) 904-0123
(512) 931-3650 (fax)
Kristen@txcrimapp.com

# TABLE OF CONTENTS

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . .iv

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

STATEMENT OF PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . .2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

CERTIFICATE OF WORD COUNT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

APPENDIX. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

# INDEX OF AUTHORITIES

## CASES

*Missouri v. McNeely*, 133 S.Ct. 1522 (2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

*State v. Rosenbaum*, 818 S.W.2d 398, 403 (Tex. Crim. App. 1991) . . . . . . . . . . .4

*Sutton v. Bage*, 822 S.W.2d 55, 56-57 (Tex. Crim. App. 1992) . . . . . . . . . . . . . . 4

## STATUTES & RULES

TEX. CODE CRIM. PRO. ART. 39.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

TEX. CODE CRIM. PRO. Art. 44.01(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

TEX. R. APP. P. 66.3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Texas Rule of Appellate Procedure 39.1, Petitioner requests oral argument only in the event the State is granted oral argument.

No. PD-0820-15

In the

COURT OF CRIMINAL APPEALS

of the

STATE OF TEXAS

_____

THE STATE OF TEXAS, Petitioner

*v.*

JOHN ALLEN WACHTENDORF, JR., Respondent

_____

RESPONSE TO PETITION FOR DISCRETIONARY REVIEW
_____

## STATEMENT OF THE CASE

On January 16, 2014, Appellee filed a Motion to Suppress based on the United States Supreme Court's holding in *Missouri v. McNeely*, 133 S.Ct. 1522 (2013). (CR: 27-29). On July 7, 2014, the Court granted Appellant's Motion to Suppress on the record in open Court and in writing. (RR3: 5). The State filed Notice of Appeal of the Court's order eighty-five days later on September 30, 2014. (CR: 48).

1

## STATEMENT OF PROCEDURAL HISTORY

On October 20, 2014, Respondent filed a Motion to Dismiss for Lack of Jurisdiction based on the State's untimely-filed Notice of Appeal. On February 26, 2015, the Third Court of Appeals granted Respondent's Motion to Dismiss for Lack of Jurisdiction and dismissed the State's appeal. *The State of Texas v. John Allen Wachtendorf, Jr.*, No. 03-14-00633-CR (Tex. App.—Austin, delivered February 26, 2015). The State did not file a Motion for Rehearing or Motion for Reconsideration En Banc.

## THE STATE'S GROUNDS FOR REVIEW

As alleged in the State's Petition, its sole ground for review is as follows:

This Court should revisit the existing precedent that the 3rd Court of Appeals misinterpreted, to clarify for the various courts of appeal, and to avoid a manifest unfairness in future State's appeals, that the strict timeline for the State's notice of appeal is predicated upon and requires that the State has adequate notice of the existence of a signed appealable order.

State's Petition at 7.

## ARGUMENT

The State's contention seems to be that the Third Court of Appeals has misconstrued existing precedent in holding that, in order for its Notice of Appeal to be timely, the State must file that notice on or before the twentieth day after the trial court has signed the appealable order. However, as discussed below, the Third Court followed existing precedent to the tee. Further, the State fails to set

2

forth a reason for the grant of discretionary review pursuant to Texas Rule of Appellate Procedure Article 66.3.

The relevant timeline of events is as follows: on January 16, 2014, Respondent filed a Motion to Suppress based on the United States Supreme Court's holding in *Missouri v. McNeely*, 133 S.Ct. 1522 (2013). (CR: 27-29). Respondent argued that the blood test results in this case should be suppressed because Respondent's blood was seized without a warrant or consent where no exigent circumstances existed. (CR: 27-29). On February 14, 2014, the trial court held a hearing on Respondent's Motion to Suppress and at the close of the evidence, the Court indicated it would announce its ruling at a later date. (RR2: 67). On July 7, 2014, the parties reconvened and the trial judge, in open court, entered his ruling on the record. Specifically, the trial court stated, "And so based on the evidence, I do not find that there are exigent circumstances, and I am going to grant the motion to suppress the blood draw." (RR3: 5). To which the State replied, "Judge, we'll prepare a notice of appeal signed by Ms. Duty, the elected DA, to appeal the Court's ruling." (RR3: 5). The same date, the trial court signed a written order reflecting its ruling. (CR: 43). The State filed its notice of appeal on September 30, 2014, eighty-five days after the Court entered its ruling. (CR: 48).

3

In its petition, the State argues that is unfair that it was unaware that the trial court signed an order granting Respondent's Motion to Suppress, and therefore, it should be allowed to ignore Texas Rule of Procedure Article 44.01(d), which requires the State to file its Notice of Appeal not later than the twentieth day after which an order is signed by the trial court. TEX. CODE CRIM. PRO. Art. 44.01(d).

The State's argument is disingenuous for two reasons. First, it is quite clear from the record that the State had notice of the trial court's ruling. (RR3: 5). Second, the State fails to show any attempt on its part to inquire as to whether an order had been signed. A simple call to the Court would have answered that question had the State been unsure as to whether an order had actually been signed.

As for the Court of Appeals' opinion, the Third Court correctly reasoned that when deciding the State's appellate timetable and what the phrase "entered by the court" means under article 44.01(d), it is bound by this Court's holding that the appellate timetable for the State pursuant to Code of Criminal Procedure Article 44.01(d) begins running when the trial court signs the order to be appealed. *See* Opinion at 3, *citing State v. Rosenbaum*, 818 S.W.2d 398, 403 (Tex. Crim. App. 1991). The Third Court explained further that, according to existing Court of Criminal Appeals' precedent, the signing of the order serves as the entry date for the order. Opinion at 3, *Id.* at 402. The Third Court recognized this Court's affirmation of this precedent by citing *Sutton v. Bage*, which interpreted the phrase

"entered by the Court" as meaning the signing of the order by the trial judge. Opinion at 4, *Sutton v. Bage*, 822 S.W.2d 55, 56-57 (Tex. Crim. App. 1992).

Quite simply, the Third Court of Appeals misconstrued nothing, and rather, followed existing Court of Criminal Appeals' precedent explicitly. To complain, as the State does, that this precedent, which has stood for almost twenty-five years, is too onerous on the State to be fair, is a desperate attempt at explaining away its lack of diligence in insuring its compliance with the well-established statutory requirements of Code of Criminal Procedure Article 44.01(d). This is not a reason for the grant of discretionary review as set out in Texas Rule of Appellate Procedure Article 66.3. *See* TEX. R. APP. P. 66.3.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Respondent prays that the Court of Criminal Appeals refuse the State's Petition for Discretionary Review.

Respectfully submitted,

_____/s/ Kristen Jernigan_____
Kristen Jernigan
Attorney for Respondent
State Bar Number 90001898
207 S. Austin Ave.
Georgetown, Texas 78626
(512) 904-0123
(512) 931-3650 (fax)
Kristen@txcrimapp.com

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 27th day of March 2015, a copy of the foregoing Response to Petition for Discretionary Review was e-mailed to John C. Prezas, Appellate Attorney for the Williamson County District Attorney's Office at jprezas@wilco.org and mailed to the Lisa McMinn, State Prosecuting Attorney's Office, P.O. Box 13406, Austin, Texas 78711-3406.

/s/ Kristen Jernigan
Kristen Jernigan

## CERTIFICATE OF WORD COUNT

The undersigned hereby certifies that the foregoing document consists of 2,438 words in compliance with Texas Rule of Appellate Procedure 9.4.

/s/ Kristen Jernigan
Kristen Jernigan

# APPENDIX

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00633-CR

### The State of Texas, Appellant

### v.

### John Allen Wachtendorf, Jr., Appellee

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT
### NO. 13-0197-K277, HONORABLE RICK J. KENNON, JUDGE PRESIDING

## MEMORANDUM OPINION

John Allen Wachtendorf, Jr., filed a motion in the district court contending that the results of a test performed on a sample of his blood should be suppressed. After Wachtendorf filed his motion, the district court held a hearing to consider the matter. A few months later in another hearing, the district court informed the parties that after considering the evidence, it concluded that there were no exigent circumstances justifying the warrantless blood draw and stated that it was "going to grant the motion to suppress the blood draw." Upon hearing the district court's ruling, the State announced its intention to appeal the ruling.

On the same day that the district court announced its ruling, it signed an order granting the motion to suppress. Over a month after the district court made its ruling, the State filed a motion asking the district court to reconsider its prior ruling. When the district court held a hearing on the motion, Wachtendorf urged that the State had waived its right to appeal because it did not

timely file its notice of appeal. As support for this, Wachtendorf contended that the district court had signed an order granting the motion to suppress on the day that it announced its intention to grant the motion. In response, the State argued that it was unaware of the order. During the hearing, the district court determined that although it signed the order on the same day that it announced its ruling, the order was not filed at that time by the district court clerk. After the oversight was discovered, the previously signed order was filed by the district court clerk, but by that time, 80 days had passed from the date that the order had been signed. Within a few days of the hearing and the order being filed, the State filed its notice of appeal.

After the State filed its appeal, Wachtendorf filed a motion to dismiss contending that this Court does not have jurisdiction over this appeal because the appeal is untimely. The Code of Criminal Procedure sets out a deadline by which the State may appeal a trial court's order granting a motion to suppress. Tex. Code Crim. Proc. art. 44.01(a)(5), (d). In particular, the Code explains that the State may not "make an appeal . . . later than the 20th day after the date on which the order . . . is *entered by the court.*" *Id.* (emphasis added). In light of this deadline, Wachtendorf insists that the State's appeal is untimely because it was not filed within 20 days of the district court signing the order granting the motion to suppress. On the other hand, the State contends that "it is fundamentally unfair" to deny the State "its right to appeal when it had no notice of a signed order from which it could appeal." When presenting this argument, the State also argues that the alleged unfairness is further compounded by the fact that the State cannot appeal oral rulings granting a motion to suppress and, therefore, has to wait until it learns that the trial court has, in fact, signed the order. *See State v. Sanavongxay,* 407 S.W.3d 252, 258 (Tex. Crim. App. 2012) (explaining that although State may appeal certain orders by trial courts, "[a]n oral ruling is not 'an order'").

2

When deciding what the phrase "entered by the court" means under article 44.01(d), the court of criminal appeals determined that the phrase means "the signing of an order by the trial judge." *State v. Rosenbaum*, 818 S.W.2d 398, 402 (Tex. Crim. App. 1991). In other words, the court determined that "the appellate timetable for the State under Art. 44.01(d) begins running from the date the trial judge signs his or her order." *Id.* at 403; *see also id.* at 402 (explaining that "[e]stablishing a definite starting date for calculating appellate timetables serves the interests of all parties"). Although a majority of the court joined that result, a concurring opinion expressed the belief that the more appropriate construction of article 44.01(d) starts the running of the appellate deadline on "the date the signed order is file marked by the clerk." *Id.* at 405 (McCormick, J., concurring).

A few months later, the court reaffirmed the majority's position. *See State ex rel. Sutton v. Bage*, 822 S.W.2d 55, 56-57 (Tex. Crim. App. 1992) (interpreting phrase "entered by the court" as meaning signing of order by trial judge and concluding that State's notice of appeal was not timely). Accompanying the majority opinion was a dissenting opinion criticizing the majority's holding and the reasoning from *Rosenbaum*. *See id.* at 57 (McCormick, J., dissenting) (explaining that "case presents in dramatic fashion the mischief that is potential in this Court's holding in" *Rosenbaum*). When criticizing the majority's reasoning, the dissenting justice expressed that, like in the present case, the State did not learn that the order had been signed until after the appellate deadline had run. *Id.* at 58. Accordingly, the dissenting justice warned that the majority's construction will deny a party the "right to appeal in any case where a judge, without notice to the party, signs an appealable order which does not get filed (entered) of record within the time required for notice of appeal." *Id.* Moreover, the dissenting justice reasoned that "when the law imposes a time limitation

3

upon a party, it should concomitantly provide some notice to that party" and that "[t]he 'signing' of an order is not notice." *Id.*

Despite the criticisms expressed against the holding in *Rosenbaum*, the court has recently sanctioned that holding again. *See Sanavongxay*, 407 S.W.3d at 258-59 (explaining that article 44.01(d) authorizes State to appeal orders and that "our precedent requires that an order be in writing" and signed by trial court); *see also State v. Martinez*, No. 04-14-00359-CR, 2014 Tex. App. LEXIS 7138, at *2-3 (Tex. App.—San Antonio July 2, 2014, no pet.) (mem. op., not designated for publication) (dismissing State's appeal for want of jurisdiction when notice of appeal was not timely); *State v. Rico*, No. 07-07-0092-CR, 2007 Tex. App. LEXIS 4849, at *3 (Tex. App.—Amarillo June 21, 2007, order) (not designated for publication) (explaining that deadline under article 44.01(d) is more than procedural one and is instead substantive limit on State's authority to appeal, meaning that day after deadline has passed, State's ability to appeal "ceases and may not be revived").

In light of the governing case law and given that the State's notice of appeal was not filed within 20 days of the district court signing its order granting the motion to suppress, we must conclude that the State's appeal was not timely filed. *See* Tex. Code Crim. Proc. art. 44.01(d); *Rosenbaum*, 818 S.W.2d at 402. Although we recognize the limitations imposed by the court of criminal appeals' construction, we are nonetheless bound by that controlling precedent.

For these reasons, we grant Wachtendorf's motion and dismiss the State's appeal for want of jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (providing that "[a] timely notice of appeal is necessary to invoke a court of appeals' jurisdiction").

4

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Bourland

Dismissed for Want of Jurisdiction

Filed:   February 26, 2015

Do Not Publish

5